HENRY HUMPHREY v. WILLIAM WEST AND JOHN WEST.

*Reconveyance.*

Reconveyance was granted to one who had conveyed his land in the understanding that the grantee could and would maintain him for the rest of his life, but who did not receive a quiet, orderly and respectable home, and found that the grantee's financial condition was such that he could not depend upon receiving proper care.

Appeal from Shiawassee.    Submitted April 10.    Decided April 22.

BILL to set aside a deed and for a reconveyance. Complainant claimed that being old and infirm and desiring to make his property available for his support, he had conveyed a farm to William West, from whom he received in return a life lease of it on which full payment was acknowledged; that the consideration for the conveyance was that West should take him into his own family and maintain him for the rest of his life and pay the taxes on his farm; that he relied on West's ability to carry out this arrangement because of the latter's assertion that his own property was not encumbered, when it was in fact heavily mortgaged; and that owing to West's intemperance and other causes he could not live comfortably at his house, and had accordingly asked a reconveyance, which West promised to give, but instead clandestinely conveyed the land without consideration to his brother John West.    He asks that the deed to John West be cancelled and the premises decreed to complainant.    The case was tried on pleadings and proofs and a decree entered for complainant, and defendants appeal.

*Jerome W. Turner* for complainant.

*James M. Goodell* for defendants.    Contracts may be set aside in equity for the imbecility of a party and

undue influence exercised over him or advantage taken by the other party. *Tracey v. Sacket*, 1 Ohio St., 54; *Reid v. Burns*, 13 Ohio St., 49; *Bogie v. Bogie*, 41 Wis., 209.

MARSTON, J. The proofs in this case are not as clear and satisfactory as we could wish. We are of opinion that at the time complainant deeded his land to defendant William and took back a life lease, it was understood and agreed that complainant should have a home with and be supported by the grantee. In the absence of such an agreement no good reason is given why such a conveyance should have been made. There was no consideration paid by the grantee therefor, nor any agreement to pay any consideration, nor is it apparent how complainant was to be benefited by the transfer except in the manner stated. The conveyance made by William to his brother John of the lands in question after the dispute between him and complainant had arisen, and the circumstances surrounding that transaction tend strongly to support the complainant's view of the case.

We have no doubt but that at the time complainant made the conveyance to defendant, he was informed by defendant and believed that his (defendant's) farm was free and clear from all encumbrances, and that defendant thereby was enabled to afford him a home, whereas in fact it was heavily encumbered, and has since passed out of defendant. The evidence tends quite strongly to show that a quiet, orderly and entirely respectable home with proper accommodations were not given complainant, and that under all the circumstances he was justified in leaving, and asking for a reconveyance.

The decree must be affirmed with costs.

The other Justices concurred.