[No. 13766.   Department Two. — December 4, 1890.]

ELVIRA B. WOLVERTON, APPELLANT, *v.* ERAS-
TUS J. BAKER ET AL., RESPONDENTS.

JUDGMENT — ESTOPPEL.— The judgment of a competent court, when properly
pleaded, is conclusive in a subsequent action between the same parties
for the same thing, although it be palpably erroneous.
ID.—DECREE IN EQUITY.— Under the California practice, a decree in equity
may be pleaded in bar of a subsequent action at law.

APPEAL from a judgment of the Superior Court of
Humboldt County.

The facts are stated in the opinion.

*J. H. G. Weaver, E. W. Wilson*, and *John F. Crowe*, for
Appellant.

The judgment in the prior action is not a bar to the
present. (*Philipowski* v. *Spencer*, 63 Tex. 604; *Atchison
etc. R'y Co.* v. *Commissioners of Jefferson Co.*, 12 Kan.
127; *Benz* v. *Hines*, 3 Kan. 390; 89 Am. Dec. 594; *Brad-
ley* v. *Johnson*, 49 Ga. 412.)

*J. D. H. Chamberlin*, for Respondents.

The prior judgment is a bar. (*Taylor* v. *Castle*, 42 Cal.
370; *City of Los Angeles* v. *Mellus*, 58 Cal. 18; *Hosmer* v.
*Wallace*, 51 Cal. 368.)

HAYNE, C.— This was a suit for a reconveyance of real
property, conveyed by a woman over seventy years of
age, to her son, Erastus J. Baker, upon condition that he
would apply to her support and maintenance so much of
the rents and profits as should be sufficient to support
and maintain her in a suitable manner during the rest
of her life, and for the cancellation of certain deeds and
mortgages made by the son, and a homestead declared
by him. The trial court gave judgment for the defend-
ants, and the plaintiff appeals upon the findings.

The findings show that the conveyance was without

consideration, and upon the condition mentioned; that for nearly two years before the commencement of the suit the son has not applied any portion of the rents and profits to the support of his mother; that he declared a homestead upon the property, and conveyed half of it to other persons, without consideration; and that he mortgaged it, "with the intent on his part to prevent the plaintiff from recovering anything from him."

If these were the only facts, we should have no doubt of the right of the plaintiff to the relief she seeks, upon the ground of the breach of the condition, without reference to the other grounds alleged in the complaint. (See *Blake* v. *Blake,* 56 Wis. 392; *Humphrey* v. *West,* 40 Mich. 597; Civ. Code, sec. 1109.) But the defendants have pleaded a judgment obtained in a former suit between the same parties, and we are constrained to say that, in our opinion, it is a bar to the present suit.

The substance of the grounds of relief alleged in the complaint in the former suit are as follows: 1. That the plaintiff reposed confidence in her son; 2. That she was old and infirm; 3. That the property was conveyed "upon the sole and only consideration that the said defendant should hold the same in trust for said plaintiff, and that the rents, issues, profits, and proceeds thereof should be applied in providing for and maintaining said plaintiff during her natural life, in a manner suitable to her station," etc.; 4. That the son accepted the conveyance with the intent of defrauding the plaintiff; 5. That he failed to furnish her any support whatever, but declared a homestead upon the property, mortgaged it, and conveyed away portions of it without consideration.

The prayer was for a reconveyance of the property, and for the cancellation of the homestead and the subsequent deeds and mortgages, "and that the plaintiff have such other and further relief in the premises as to the court shall seem meet and equitable."

The allegations of that complaint were put in issue, and, after a trial, a judgment was entered, by which it was "ordered, adjudged, and decreed that the plaintiff is not the owner of the lands and premises described in the complaint herein, but that the defendants, as against the plaintiff, are the owners in severalty in fee-simple of the several distinctive pieces or parcels of land mentioned and described in the complaint herein, *free and clear* of any and all of the trusts, exceptions, limitations, *and conditions* set forth and alleged in the complaint."

This judgment was palpably erroneous upon the facts found, but nevertheless it prevents a relitigation of the matters determined.

The complaint here is substantially the same as that in the former case. It alleges the plaintiff's confidence in her son, her age and infirmity, the want of consideration for the deed, and that it was made and accepted upon condition of support, etc.; the fraud of the son, the failure to furnish support to the plaintiff, the declaration of homestead, the conveyance to other persons without consideration, and the other encumbrances. And the prayer is, in substance, for a reconveyance of the property, and the cancellation of the encumbrances, etc., "and for such other and further relief in the premises as to the court shall seem meet and equitable."

The counsel for the plaintiff says that the first suit was in equity, and proceeded "upon the theory that the deed was void *ab initio,*" and that the present suit is at law, and proceeds "upon the theory that the deed was valid *ab initio.*"

We think that the counsel is mistaken as to the character of the second suit. It is a suit in equity. But if it were otherwise, the result would be the same. It is said that, strictly and technically, a decree in equity under the old chancery practice could not be pleaded as an estoppel or bar at law, but that resort must again be had to equity, which would take measures by attachment and

fine to prevent the defendant from proceeding at law. (See 2 Smith's Lead. Cas., 8th ed., 918, 919.) But, however this may have been, we think that, under the practice in this state, where both law and equity may be administered by the same court, and in the same case, and where a party may have any relief called for by the case made by his complaint (whatever he may have denominated his suit), a decree in equity may, in a proper case, be pleaded as an estoppel or bar to a subsequent action at law. (See *Parnell* v. *Hahn*, 61 Cal. 131.)

So far as this case is concerned, the result reached is to be regretted. It is a shameful thing that a son should refuse to support his aged mother after obtaining her property, without consideration, upon the condition mentioned. But the law must be declared.

We therefore advise that the judgment be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.

Hearing in Bank denied.