[Sac. No. 211.   Department Two.—September 10, 1897.]

GEORGE SIMMONS, Appellant, v. MARION THRESHOUR, Administrator of the Estate of William Gibson, Deceased, Respondent.

EJECTMENT—EVIDENCE OF PLAINTIFF'S TITLE—FORECLOSURE OF MORTGAGE—LOSS OF JUDGMENT-ROLL—JUDGMENT-BOOK—RECITALS IN JUDGMENT.—In an action of ejectment, when the plaintiff claims title under the foreclosure of a mortgage against the defendant, and a sheriff's deed under the order of sale of the mortgaged premises, and it appears that the judgment-roll in the action of foreclosure was lost, the judgment-book is competent evidence of what matters were passed upon and determined by the court, and the recitals in the judgment showing acquisition of jurisdiction over the defendants are at least prima facie evidence of the truth of the facts recited, and of the validity of the judgment, and the judgment-book should be admitted as part of plaintiff's proofs, together with the sheriff's certificate of sale, and the deed founded upon it.

APPEAL from a judgment of the Superior Court of Siskiyou County.   J. S. Beard, Judge.

The facts are stated in the opinion.

James F. Farraher, for Appellant.

Gillis & Tapscott, for Respondent.

BRITT, C.—This action was ejectment for certain real estate in Siskiyou county.   At the trial plaintiff offered in evidence a mortgage, covering the demanded premises and other lands, to him executed by several persons of whom Gibson, originally the defendant herein, was one; also an entry in the judgment-book of

the court purporting to be the record of a judgment in a former
action prosecuted by said plaintiff against the said mortgagors,
including Gibson, for the foreclosure of said mortgage; such
judgment contained recitals that it was shown to the court by
satisfactory evidence that all the defendants in that action had
been duly served with summons in the county, and had failed to
answer and their default had been duly entered; that the facts al-
leged in plaintiff's complaint were proved, etc; these were follow-
ed by the usual directions for the sale of the mortgaged premises.
Plaintiff further offered a certificate of sale issued.to him by the
sheriff, also the sheriff's subsequent deed, both founded on said
judgment and appearing to be regular in form; they showed, if
the judgment was valid, that plaintiff as purchaser at his own
foreclosure sale acquired the title of defendant to the premises in
suit here.   The clerk of the court testified that he had made dili-
gent search in the archives of his office for the judgment-roll in
said action of foreclosure, but was unable to find or produce it.
All the said documentary evidence was excluded by the court on
the objection of defendant that the same was not accompanied
by the judgment-roll.

The judgment-book is part of the records of the court, and is
the final repository of the determination of the court upon every
cause which passes to judgment (Code Civ. Proc., sec. 688); it
is, of course, a judicial record, and is competent evidence of what
matters were considered and passed upon by the court (Code Civ.
Proc., secs. 1904, 1905); it is indeed the most permanent memo-
rial of those matters ordained by law to be kept.   As the record
offered in this instance was competent evidence of the final ad-
judication in the former suit, so its recitals showing acquisition
of jurisdiction over the defendants therein were evidence of the
facts recited; the judgment thus carried on its face evidence of
its own validity (*Whitney v. Daggelt,* 108 Cal. 232; *Howard v.
McChesney,* 103 Cal. 536; *People v. Harrison,* 84 Cal. 607); con-
sequently, it should have been admitted as part of plaintiff's
proofs, together with the sheriff's certificate and deed founded
upon it.

We are not unmindful of the decision in *Wickersham v. John-
ston,* 104 Cal. 407, 43 Am. St. Rep. 118, and the previous cases
there followed (*Harper v. Rowe,* 53 Cal. 233; *Mason v. Wolff,* 40

Cal. 249; *Young v. Rosenbaum*, 39 Cal. 646), nor do we now impugn the principle on which they proceed, viz., that to render a judgment admissible in evidence it must be shown to be a valid judgment, and that the appropriate method of doing this is to produce the roll so that it may be seen whether the court had jurisdiction to determine the cause. But in none of those cases does it appear that facts showing that the court had jurisdiction were recited in the judgment itself; since such recitals are evidence of their own truth, as numerous decisions of this court establish, they necessarily (when consistent with other parts of the judgment) supply the absence of the technical roll to the extent of rendering the judgment at least prima facie competent as evidence. Besides, *Wickersham v. Johnston*, and *Young v. Rosenbaum*, were cases of foreign judgments, between which and domestic judgments it may be that a distinction lies as to mode of proof. (*Estate of Eichhoff*, 101 Cal. 600.) The judgment appealed from should be reversed.

Chipman, C., and Searls, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed.

McFarland, J., Temple, J., Henshaw, J.