[Sac. No. 1220.   Department Two.—June 17; 1904.]

LILLIAN H. PAGE, Appellant, v. SOLOMON C. PAGE,
et al., Respondents.

ESTATES OF DECEASED PERSONS—ACTION BY WIDOW TO AVOID DEEDS—
INVALID TRUSTS — QUIETING TITLE — STATUTE OF LIMITATIONS.—
Where the deceased had executed deeds of distinct parcels of land
to his daughter which were absolute and unlimited upon their face,
an action begun more than five years after the execution of the deeds
by the widow of the deceased against the daughter and other chil-
dren and the adminstrator, to quiet her title to one third of the
property, and to have it adjudged that the defendants have no other
title or interest therein than as heirs of the deceased, on the alleged
ground that the deeds were made upon certain alleged trusts which
were invalid and contrary to law, is barred by the statute of limi-
tations.

ID.—ASSIGNMENT OF CHOSES IN ACTION TO SON.—Where the deceased
at the time of the execution of the deeds assigned and delivered to
his son, one of the defendants, certain notes, bonds, and other evi-
dence of indebtedness, upon like trusts, such assignment is also
barred by the statute of limitations as against the action of the
widow.

APPEAL from a judgment of the Superior Court of Tu-
lare County.   W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

Henry E. Carter, and H. Scott Jacobs, for Appellant.

The trusts were void as being verbal (Civ. Code, sec. 847;
*Sheehan* v. *Sullivan*, 126 Cal. 192), and leaving the execution
to the discretion of the trustee (*Estate of Sanford*, 136 Cal.
100), and as creating a perpetuity.   (Civ. Code, secs. 715,
716; *Estate of Walkerly*, 108 Cal. 627.[1])   The action was com-
menced within four years after the death of Page, and is not
barred by the statute of limitations.   (*Barker* v. *Hurley*, 132
Cal. 26.)   Where the purchaser of real estate under a con-
tract providing that if he failed to pay installments of the
price the vendor should have the right to retain all moneys
previously paid on account of the principal, and the contract
should be void, failed to show performance on his part, or

[1] 49 Am. St. Rep. 97.

that he was ready to pay the balance due, he could not maintain an action to recover payments made. (*Keefe* v. *Fairfield,* 68 N. E. (Mass.) 342.)

T. E. Clark, for Respondents.

The action is barred by the statute of limitations of five years. (Code Civ. Proc., sec. 318; *Estate of Cudworth,* 133 Cal. 469; *Tully* v. *Tully,* 137 Cal. 60.)

McFARLAND, J.—This is an appeal by plaintiff from a judgment in favor of defendants rendered on the pleadings.

The plaintiff is the widow of Samuel Page, deceased, whose estate is in course of administration. It is averred in the complaint that on December 9, 1896, said Samuel Page was seized in fee of certain described tracts of land, and on that day made deeds of conveyance of the same to his daughter, Mary A. Garver, one of the defendants herein. These deeds are set forth as exhibits "A," "B," and "C" and made parts of the complaint, and they are in form and substance full conveyances in fee of the lands to the grantee, without any condition or limitation whatever. But it is averred that they were made upon certain trusts, which are set out in the complaint, and it is averred that said trusts "were and are invalid and contrary to law." It is averred that after the execution of these deeds, and on February 4, 1899, plaintiff was married to said Samuel Page, and continued to be his wife until his death, which occurred June 24, 1899. The defendants are the children of the said Samuel Page, deceased, and his administrator. The purpose of the action is, and the prayer of the complaint asks, that the said trusts be declared invalid and said deeds be set aside and annulled, that the said lands be decreed to be the property of the estate of Samuel Page, that plaintiff's title, as widow, be quieted to one third of said property, and that defendants be decreed to have no interest or title to the same, except as heirs of said Page, deceased. Defendants filed an answer and cross-complaint; but under our views of the case it is not necessary to consider any point except that raised by defendants' plea of the statute of limitations.

This action was not commenced until more than five years after the execution of said deeds. Any cause of action which

Samuel Page, deceased, might have had to set aside the deeds, or to quiet his title to said lands, upon the grounds alleged by plaintiff in the case at bar, accrued at the date of the delivery of the deeds, and was barred, at least, in five years from that time; and plaintiff, as his successor in interest, stands in his shoes, and is bound by the same limitation. This is not a case where the rule applies that the statute does not commence to run against an action by a beneficiary to enforce a trust until after the repudiation of the trust by the trustee. This is not an action by a beneficiary to enforce a trust; the alleged trust is declared to be no trust. It is an action to recover land, or to quiet title to land; and such an action is barred in five years after it accrued.

There is also an averment that on said ninth day of December, 1896, the said Samuel Page assigned and delivered to his son, Solomon C. Page, one of the defendants herein, certain notes, bonds, and other evidence of indebtedness, upon certain trusts alleged to be similar to those upon which the said deeds were executed to Mary A. Garver; but there does not seem to be any relief prayed for as to this matter, and, at all events, it is covered by what is above said as to the statute of limitations.

Under the above views we need not consider the validity of the trusts alleged to be void, or whether the fact that Samuel Page in his lifetime commenced actions to set aside said deeds and assignments, and judgments therein were rendered for defendants, is a bar to the present action by plaintiff, or other points which are somewhat elaborately argued.

The judgment appealed from is affirmed.

Henshaw, J., and Lorigan, J., concurred.