[Civ. No. 315. Second Appellate District.—April 13, 1907.]

## LILLIAN H. PAGE, Appellant, v. MARY A. GARVER, Respondent.

JUDGMENT—RES ADJUDICATA—MODE OF PROOF—COLLATERAL ATTACK—RECITALS OF JURISDICTIONAL FACTS—CERTIFIED COPIES OF JUDGMENT, FINDINGS AND PLEADINGS.—Where a judgment is offered as an estoppel, jurisdiction to render it must appear. The usual manner of proof of jurisdictional facts is to offer the judgment-roll; but where the attack upon a judgment rendered in the superior court is collateral, its recitals showing acquisition of the jurisdiction of the parties are evidence of the facts recited, and every intendment must be indulged in favor of the judgment. In such case, certified copies of the judgment, findings and pleadings are admissible to show what issues were concluded by the judgment, as against the parties and their privies, though unaccompanied by the judgment-roll.

ID.—JUDGMENT AGAINST INTESTATE—HEIRS AND WIDOW CONCLUDED.—A judgment binding upon an intestate is binding upon his heirs at law, and a judgment which would estop him in life would bar an action for the same cause by his widow, who stands in his shoes, after his death.

ID.—IDENTITY OF ISSUES—ACTION BY PRIVY IN ESTATE—ESTOPPEL BY FORMER JUDGMENT.—For the purpose of determining whether the issues determined by the former judgment are the same as those presented in an action by a privy in estate of the losing party, resort may be had to the pleadings and findings introduced in evidence in connection with the former judgment, and where it appears that the issues are the same, and that the same evidence would be required to support the former action which would be required in the one at bar, the plaintiff is estopped by the adjudication therein had.

APPEAL from a judgment of the Superior Court of Kings County, and from an order denying a motion for a new trial. W. M. Conley, Judge.

The facts are stated in the opinion of the court.

E. T. Cosper, for Appellant.

T. E. Clark, for Respondent.

SHAW, J.—Appeal on behalf of plaintiff from judgment and order denying her motion for a new trial.

The plaintiff, who is appellant here, is the widow of Samuel Page, deceased, who died intestate on June 24, 1899. Besides his widow, he left surviving him her unborn child *in esse,* who was born alive but died on the same day, and three sons and a daughter, the defendant herein, all children by a former marriage. Plaintiff, in her own right as widow and as sole heir of her deceased child, brings this suit to set aside and have declared null and void certain deeds, whereby the said Samuel Page, in his lifetime and long prior to his marriage to appellant, conveyed to defendant certain real estate described in the complaint, upon the ground that at the time of making the deeds Samuel Page was in a sick, weakened and exhausted condition, and, on account of great physical and mental weakness, incapable of making any deed, or doing any business whatever. That taking advantage of his condition, this defendant and her brother, Solomon C. Page, did, by means of fraudulent representations made to said Samuel Page, induce him to make and deliver to defendant the said deeds to the real estate. The answer contains no denial of the allegations as to the mental and physical condition of Samuel Page at the time of executing the deeds; nor any denial as to the fraudulent representations alleged to have been made by defendant. There is a denial that Samuel Page was, at the time of his death, the owner of the land in question, or that he had been, subsequent to May 1, 1897, the owner of any part thereof, or held any interest therein other than a life estate to a portion thereof. As a defense to the action defendant relies upon two judgments, which are pleaded by way of estoppel.

The conveyances from Samuel Page to the defendant were made on December 9 and 11, 1896, and the marriage of plaintiff to Samuel Page occurred on February 4, 1899. About one year after the conveyance of the property to defendant, Samuel Page commenced an action against her, having for its purpose the annulment and setting aside of the deeds whereby he had theretofore conveyed the real estate to the defendant. Pending the trial of this action Samuel Page died. A special administrator of his estate was substituted as plaintiff, who, under the order of the court, prosecuted said action to a final determination and judgment was rendered in favor of de-

fendant therein.  At the time of filing the answer herein said judgment had become final.  At the trial of this action defendant offered in evidence certified copies of the judgment, findings, complaint, amended complaint, and the order substituting the special administrator as plaintiff and his supplemental complaint in the former suit brought by Samuel Page; to all of which objections were made upon the ground that they did not constitute the entire record of the case. Other objections were made, which will be noticed in discussing the effect of the former action as an estoppel.

To constitute an estoppel the judgment pleaded in bar must be a valid judgment rendered by a court having jurisdiction, and these facts must be shown in order to justify the reception in evidence of such judgment.  The usual and appropriate manner of making this proof is to offer the judgment-roll.  Conceding, but not holding, this mode of proof to be exclusive where a direct attack is made upon a judgment (*McKinlay* v. *Tuttle,* 42 Cal. 570; *Wiggin* v. *Superior Court,* 68 Cal. 398, [9 Pac. 646]), we are nevertheless of the opinion that where a collateral attack is made the recitals contained in the judgment are sufficient evidence of the matters therein recited.  The judgment may be grossly unjust or erroneous, but the decision of the court as to all issues involved in the action stands as a finality between the parties and their privies until set aside in some mode recognized by law.  (Jones on Evidence, sec. 601.)  In such case, where the judgment is one rendered by a court of general jurisdiction, the recitals contained therein constitute evidence of their truth and every intendment must be indulged in support of the judgment.  (*Hahn* v. *Kelly,* 34 Cal. 391, [94 Am. Dec. 742]; *Estate of Twombley,* 120 Cal. 351, [52 Pac. 815]; *Drake* v. *Duvenick,* 45 Cal. 455.)  The duly certified copy of the judgment pleaded and offered was the highest evidence of the adjudication by the court of the issues involved in the suit brought by Samuel Page against respondent; so its recitals showing acquisition of jurisdiction of the parties in that action constituted evidence of the facts recited.  (*Simmons* v. *Threshour,* 118 Cal. 100, [50 Pac. 312]; Code Civ. Proc., sec. 1905.)  We, therefore, conclude that the documents referred to were entitled to be received in evidence unaccompanied by the judgment-roll.

The further objection is made that the action was not between the same parties and did not involve the same issues. A solution of these questions must dispose of the appeal.

Samuel Page commenced his action against this respondent December 9, 1897, and prior to his marriage to appellant herein. His death occurred June 24, 1899, and as she claims by right of succession and as sole heir of her deceased child, it follows that her title, if any, was acquired at a date some eighteen months after he, Samuel Page, had instituted suit against this defendant to regain the property involved and wherein this judgment was rendered. The rule is statutory that when a matter has once been adjudicated by a competent tribunal, its determination "in respect to the matter directly adjudged" is conclusive, not alone between the actual parties themselves, but also as to "their successors in interest by title subsequent to the commencement of the action." (Code Civ. Proc., sec. 1908.) A judgment binding upon an intestate is binding upon his heirs at law. (Jones on Evidence, sec. 603; *Ross* v. *Banta,* 140 Ind. 120, [34 N. E. 865, 39 N. E. 732] ; Bigelow on Estoppel, pp. 75, 76.) Appellant's position is one of privity with her deceased husband, to whose position she succeeds, to a limited extent, as to all property rights which he owned at the time of his death. (*Page* v. *Garver,* 146 Cal. 577, [80 Pac. 860].) She stands in his shoes, and a judgment which would estop him in life would bar an action on her part after his death. (*Page* v. *Page,* 143 Cal. 602, [77 Pac. 452] ; Herman on Estoppel, sec. 63.)

Appellant insists that the issues determined in the case of Samuel Page against respondent are entirely different from those involved in this action; that the question of Samuel Page's competency or capacity to convey the lands was not in issue in the former action and has never been adjudicated. For the purpose of determining whether the issues are the same, resort may be had to the amended complaint and findings introduced in evidence. (*Wixson* v. *Devine,* 67 Cal. 341, [7 Pac. 776] ; *Gray* v. *Dougherty,* 25 Cal. 266; *Wolverton* v. *Baker,* 86 Cal. 591, [25 Pac. 54].) An examination of these discloses the fact that the actions were brought for identically the same purpose, that is, to set aside and annul the deeds (which are the same) whereby Samuel Page conveyed the real estate to this respondent. In the former action Samuel Page alleged that he was at the time of making

the deeds "of great age, to-wit: of the age of 74 years, *and was infirm of purpose, mind and body.*" In the case at bar his widow alleges that he was, at said time, "*sick, weak and in an exhausted condition,*" and, by reason of said sickness, he was "*incapacitated from doing any business and wholly incapable of making a deed.*" In both cases it is alleged that this respondent took advantage of his alleged condition and by false and fraudulent representations induced him to sign the deeds. Evidence which would prove the allegations of the complaint in the one case would be equally applicable to the issues in the other. The same evidence which would be required to support the former action would be required in the one at bar. (*Phelan* v. *Quinn*, 130 Cal. 374, [62 Pac. 623] ; Freeman on Judgments, sec. 259; *Taylor* v. *Castle*, 42 Cal. 367.)

The court found that Samuel Page was not induced through fraudulent representations to make the deeds to this respondent; that there was no conspiracy between respondent and her brother to obtain the property; and that Samuel Page was not infirm of body, mind or memory. The former case involved the same issues as this, was brought for the same purpose, tried upon its merits, and appellant, claiming under the same title as the successor in interest of Samuel Page, and by reason of her privity with him, is estopped by the adjudication therein had.

This conclusion renders it unnecessary to pass upon any other points made.

The judgment and order denying appellant's motion for a new trial are affirmed.

Allen, P. J., and Taggart, J., concurred.