[Civ. No. 324.   Second Appellate District.—June 26, 1907.]

MARY A. GABLE, Trustee, et al., Respondents, v. ELIAS C. PAGE et al., Appellants.

ACTION TO QUIET TITLE—REVIEW UPON APPEAL—LAPSE OF TIME—ERROR NOT SHOWN.—In an action to quiet title to lands, where the appeal from the judgment for plaintiffs was taken ten months after the entry of the judgment, it cannot be considered, and must be dismissed; and where no error of law occurring at the trial appears, and the findings are not assailed for insufficiency of the evidence, an order denying a new trial must be affirmed.

ID.—PROPERTY HELD IN TRUST—FORMER JUDGMENT—PRIVIES IN ESTATE BOUND.—Where the title relied upon by the respondent is based upon a trust, the validity of which was established in a former judgment rendered several years before the commencement of the present action, and the only point attempted to be made here is the invalidity of that trust, its invalidity must be presumed to have been in issue in the former action, and the appellants, who are privies in estate of the plaintiff in that action, are bound by the judgment rendered therein, and where no appeal was taken therefrom they cannot assail it, however unjust or erroneous it may be.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial. W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

E. T. Cosper, for Appellants.

T. E. Clark, for Respondents.

SHAW, J.—This is an action to quiet plaintiff's title to lands which she holds under a trust established by a final judgment and decree rendered several years prior to the institution of this suit.

The appeal from the judgment herein was taken ten months after the entry thereof; hence, cannot be considered. (*Hunter* v. *Milam*, 133 Cal. 601, [65 Pac. 1079].)

It is not urged that any errors of law occurred at the trial to which exception was taken, nor are the findings attacked as being unsupported by the evidence. Appellants' argument is confined to an attack upon the validity of the trust, the existence of which it is conceded was found and adjudged by the court. Admitting its establishment by this adjudication, the point becomes one of law to be considered upon an appeal from the judgment only. (*Hunter* v. *Milam*, supra; *Sharp* v. *Bowie*, 142 Cal. 462, [76 Pac. 62].) Thus considered, the grounds upon which it is claimed the trust is void might properly have been, and presumably were, urged in the suit wherein it was made an issue. The court there having, by its decree, established it, appellants, who are privies to the plaintiff in that action, must be held bound by such judgment. "The judgment may be grossly unjust or

erroneous, but the decision of the court as to all issues involved in the action stands as a finality between the parties and their privies until set aside in some mode recognized by law." (*Page v. Garver*, 5 Cal. App. 383, [90 Pac. 481].)

The appeal from the judgment is dismissed, and the order denying appellants' motion for a new trial is affirmed.

Allen, P. J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 23, 1907.