MANUEL v. FEDERAL COMMERCIAL & SAVINGS BANK.

JUDGMENT — RES ADJUDICATA — QUESTION WHICH SHOULD HAVE BEEN RAISED IN SUMMARY PROCEEDINGS BARRED FROM SUIT IN EQUITY.

Where defendant in summary proceedings before the circuit court commissioner for the possession of real estate, pleaded not guilty and failed to raise the question of the validity of the sale in the foreclosure proceedings, he is barred by the judgment against him from which no appeal was taken from afterward raising said question by suit in equity.

Appeal from St. Clair; Tappan (Harvey), J. Submitted April 30, 1924. (Docket No. 117.) Decided July 24, 1924.

Bill by Stephen O. Manuel against the Federal Commercial & Savings Bank and another to set aside a sale of land on foreclosure proceedings, and for an accounting. Defendants filed a cross-bill to quiet title.

From a decree for defendants, plaintiff appeals. Affirmed.

*Robert M. Dalton* and *Edward M. Apple,* for plaintiff.

*Walsh & Walsh,* for defendants.

WIEST, J.    Plaintiff gave defendant bank a real estate mortgage.    The bank foreclosed the mortgage by advertisement, purchased at the sale and received a sheriff's deed operative February 28, 1923, commenced summary proceedings before a circuit court commissioner March 26, 1923, to obtain possession under its purchase, plaintiff was served with summons, appeared and pleaded not guilty, the bank made proof of the foreclosure proceedings, the commissioner entered judgment in favor of the bank on April 5, 1923, no appeal was taken and writ of restitution was issued and the bank put in possession.    August 24, 1923, plaintiff filed the bill herein attacking the validity of the foreclosure on the ground that the sale was made four days before the time required by statute to elapse between notice and time of sale, and alleged that under a power of attorney given defendant Wellman the mortgage was coupled with a trust and its foreclosure constituted a fraud, and asked that the foreclosure be set aside and defendants held to an accounting.    Defendants answered, the bank averred adjudication by the commissioner, both defendants denied fraud and the bank asked to have its title quieted.    The case was set for hearing and a hearing was had at which plaintiff was not present, claiming misunderstanding as to the date set by the court.    At the hearing proof of the proceedings before the commissioner was made and the testimony of defendant Wellman taken.    The court decreed the proceedings before the commissioner *res adjudicata* of the validity of the foreclosure pro-

ceedings, and the charges of fraud were without foundation. No motion to open the case was made. Plaintiff is here by appeal.

Upon this record the decree must be affirmed. Plaintiff had his day in court before the commissioner and there, if he had valid reason to do so, should have, but did not, attack the validity of the foreclosure. We cannot hold the plea of not guilty before the commissioner reserved the question of the validity of the foreclosure for litigation in this suit.

"It is plaintiff's contention that when Manuel pleaded 'not guilty' to the complaint filed before the circuit court commissioner, he said indirectly that he was entitled to possession, and was so entitled to possession, by virtue of the fact that he continued to have title."

If the plea before the commissioner had directly given notice of claim of title it would not have ousted the commissioner of jurisdiction. *Underwood* v. *Slaght,* 213 Mich. 391.

As was said by this court in *Butler* v. *Bertrand,* 97 Mich. 59:

"It is a question of whether there is a wrongful withholding of the premises from the complainant. When this can be shown to depend upon a controverted question of title, it is the end of the case. Any other rule would produce the absurd result mentioned, of making a plea conclusive of the jurisdiction."

Plaintiff herein should have called the commissioner's attention to the defect now complained of and in the absence of so doing cannot now be heard to say the commissioner should have discovered it.

In *Gage* v. *Sanborn,* 106 Mich. 269, 278, it was contended that foreclosure proceedings were defective and raised a question of title not triable in summary proceedings. This court again stated the question of title must be raised by the evidence offered in the case:

"If this were otherwise, a mortgagor could always defeat summary proceedings by denying the validity of the foreclosure or asserting that the premises had been redeemed. Again, this proceeding is brought under a statute which authorizes it 'when any person shall continue in possession of any premises sold by virtue of any mortgage or execution, after the expiration of the time limited by law for redemption.' The questions to be tried before the commissioner under this statute in a foreclosure case are: (1) The fact of the mortgage sale and its validity; (2) the holding over after expiration of period of redemption. If these questions cannot be tried by the commissioner the statute is farcical, as jurisdiction would always be lost as soon as a plausible claim of invalidity of the sale should be raised. Hence a mortgagor is permitted to question the validity of the sale in this proceeding." * * *

Plaintiff herein, according to the record, did not question the validity of the sale in the proceeding before the commissioner beyond pleading not guilty. The judgment rendered by the circuit court commissioner bars plaintiff from coming into equity with the subject there adjudicated. See *Security Investment Co.* v. *Meister*, 214 Mich. 337.

The evidence at the hearing rebuts all charges of fraud. No reason for an accounting appears.

The decree is affirmed, with costs to defendants.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.