SAMAHA *v.* HAMPER ESTATE CO.

1. JUDGMENT—RES ADJUDICATA—LANDLORD AND TENANT.
   Judgment of restitution by circuit court commissioner in summary proceedings against tenant for failure to pay rent was *res adjudicata* of questions properly and necessarily involved, under 3 Comp. Laws 1915, § 13241, as amended by Act No. 320, Pub. Acts 1923, including whether tenant was then in possession and unlawfully in possession.

2. COSTS—NO COSTS ALLOWED WHERE NO BRIEF FILED.
   Appellee filing no brief in Supreme Court is allowed no costs on affirmance of judgment.

Error to Wayne; Lamb (Fred S.), J., presiding. Submitted April 16, 1929. (Docket No. 50, Calendar No. 33,864.) Decided June 3, 1929.

Action by Macarios Samaha against the Hamper Estate Company, a Michigan corporation, for damages for violation of a lease agreement. From a directed judgment for defendant, plaintiff brings error. Affirmed.

*G. Sweetman Smith*, for plaintiff.

FELLOWS, J. While the bill originally filed is not in the record, from a temporary injunction and an order to show cause, which do appear, it is apparent that it was filed to restrain defendant from repossessing certain premises which a judgment of restitution of a circuit court commissioner had awarded to it in a suit brought by it against plaintiff for failure to pay rent. The case was transferred to the law side of the court and a declaration was filed which bears little semblance to the one filed the day the trial started, and upon which plaintiff seeks to recover. The case went to the jury upon the theory that plaintiff had been evicted as tenant of defendant from certain premises by digging a trench so close to the house as to render the foundation insecure, the brick walls to crack and the house to become uninhabitable and unsafe for occupancy. Under the Empson act (3 Comp. Laws 1915, § 14568 *et seq.*) a judgment for defendant *non obstante veredicto* was entered.

There were several grounds urged by defendant for a directed verdict, but it is evident that the result was reached by reason of the judgment in the case before the circuit court commissioner, which

was *res adjudicata* of one of the crucial questions in the case. In the instant case, plaintiff claimed he had been evicted from the premises through the unlawful acts of the landlord before the summary proceedings were instituted, and was not then in possession either actually or constructively. In the case before the commissioner the plaintiff there, defendant here, was bound to establish (see 3 Comp. Laws 1915, § 13241, as amended by Act No. 320, Pub. Acts 1923): (1) that defendant was in possession of the premises involved (either actually or constructively); (2) that such possession was unlawful, and (3) that plaintiff was lawfully entitled to repossess the same. Not only were these questions properly involved, but they were necessarily involved, and in the original case before the commissioner they were all solved in favor of the plaintiff in that case, defendant here. Plaintiff here appeared in that case; it was adjourned for his accommodation and no claim is made that the proceedings are in any way irregular. The judgment in that case is *res adjudicata* of the questions there involved, and necessarily involved, including the question of whether the present plaintiff was then in possession, and unlawfully in possession of the premises in question: *Security Investment Co.* v. *Meister,* 214 Mich. 337; *Manuel* v. *Bank,* 227 Mich. 647; *Blazewicz* v. *Weberski,* 234 Mich. 431; *William F. Nance Realty Co.* v. *Wood-Wardowski Co.,* 242 Mich. 110. In the last-cited case, it is said:

"A further reason in this case is that at the summary proceedings, in both of which Nance is recorded as appearing and pleading, possession was an essential fact to be shown, and found by the commissioners to sustain the judgments rendered,

which were not appealed from and are *res adjudicata* as to him.''

The judgment will be affirmed, but as no brief has been filed by defendant, no costs will be allowed.

NORTH, C. J., and FEAD, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.