[Civ. No. 6684. First Appellate District, Division Two.—August 9, 1929.]

MARIE G. O'BRIEN, Appellant, v. UNITED BANK AND TRUST COMPANY OF CALIFORNIA (a Corporation), Defendant; COSETTE D. ALLAN, as Administratrix, etc., Respondent.

326

Sullivan & Sullivan & Theo. J. Roche for Appellant.

E. B. Power and R. L. Chamberlain for Respondent.

STURTEVANT, J.—The plaintiff sued the defendants to recover a bank deposit. The bank appeared and answered. The defendant Cosette D. Allan, as administratrix of the estate of Margaret J. Allan, appeared and answered and filed a cross-complaint. The cross-complaint was answered, and on the issues so framed a trial was had before the court sitting without a jury. The court made findings in favor of the defendant administratrix, and from the judgment entered thereon the plaintiff has appealed and has brought up a bill of exceptions.

On the twenty-seventh day of August, 1903, Margaret J. Allan was adjudged incompetent and a guardian was appointed. She was never restored to competency and her guardian continued to act down to the date of Mrs. Allan's death. Subsequent to August 27, 1903, the plaintiff and deceased opened a purported survivor account with the defendant bank. By the terms of that purported agreement, upon the death of either the survivor would own absolutely and be entitled to the whole of the residue of the deposit. Mrs. Allan died on the twelfth day of July, 1919. Shortly thereafter the plaintiff made a demand on the bank, and her demand was refused. This defendant, as administratrix, also made a demand which was refused. Later this action was commenced.

The plaintiff contends that the purported agreement under which the plaintiff and Margaret J. Allan opened and maintained the survivor account constituted a valid and enforceable contract. The defendant opposes that contention, claiming that the purported agreement was void, and she cites section 40 of the Civil Code: "After his incapacity has been judicially determined, a person of unsound mind can make no conveyance or other contract, nor delegate any power or waive any right, until his restoration to capacity." The plaintiff replies that the judicial determination was had pursuant to sections 1763–1767 of the Code of Civil Procedure, and that those sections deal with

persons who are "insane, or from any cause mentally incompetent," and that the Civil Code refers to "a person of unsound mind." The plaintiff argued that the Civil Code section, therefore, refers to a different class than the class mentioned in the sections of the Code of Civil Procedure. We think the point cannot be sustained. By its terms section 38 of the Civil Code is limited to persons entirely without understanding. Section 39, by its terms, applies to a person of unsound mind, but not entirely without understanding. And section 40 is unlimited and applies to a person of unsound mind—whether entirely or partly without understanding. There is nothing on the face of the statutes to warrant the construction contended for. The rule declared in our Civil Code obtains in most jurisdictions. (32 C. J., p. 731.) We find no case in which it has been limited as plaintiff contends.

The plaintiff contends that the judicial determination of the incapacity of Margaret J. Allan alleged in the complaint was not established by the evidence. She cites and relies on *Harper* v. *Rowe*, 53 Cal. 233; *Wickersham* v. *Johnston*, 104 Cal. 407 [43 Am. St. Rep. 118, 38 Pac. 89]. Where, as here, the attack on a judicial decree is collateral, the manner of proving the decree is not as contended by the plaintiff. (*Simmons* v. *Threshour*, 118 Cal. 100 [50 Pac. 312]; *Page* v. *Garver*, 5 Cal. App. 383, 385 [90 Pac. 481].) The decree on which the defendant relied was burned April 18, 1906. However, the defendant introduced proof that to obtain the decree a petition was filed, that a hearing was had, and that the deceased was present at the hearing. She also introduced a copy in evidence. She also introduced proof that a bond was duly given, and she introduced that bond in evidence. After the decree was entered this plaintiff made an application to be appointed guardian of the deceased. That application was denied. The trial court made a finding in favor of the defendant. We are unable to say that when the foregoing facts, together with the presumptions applicable, are all considered, the proof was insufficient. (22 Cal. Jur., p. 640; 34 C. J., p. 540; *Hibernia Savings & Loan Soc.* v. *Boyd*, 155 Cal. 193, 197 [100 Pac. 239]; *Estate of Schandoney*, 133 Cal. 387, 389, 390 [65 Pac. 877]; *Johnson* v. *Canty*, 162 Cal. 391, 395 [123 Pac. 263].)

■ After the defendant had introduced her proof showing the entry of the decree finding the deceased incompetent, the plaintiff called witnesses and attempted to elicit proof as to whether the decedent, at the time the survivor account was opened, was of sound mind or otherwise. That proof was rejected. In rejecting the proof the trial court did not err. In a collateral proceeding the probate decree could not be attacked by that line of proof. (32 C. J., p. 646; Van Fleet's Collateral Attack, sec. 526; *Hodgdon* v. *Southern Pac. R. R. Co.*, 75 Cal. 642, 648 [17 Pac. 928]; *Fitzhugh* v. *Wilcox*, 12 Barb. (N. Y.) 235, 238.)

It is claimed that the fourth and fifth findings of fact are really conclusions of law and should have been so found. The point is not argued. Three citations are given, but no one of them supports the contention.

■ It is next claimed that the court erred in failing to find on the issues raised by paragraph IV-a of the cross-complaint. The point rests on a misconception of the record. In her cross-complaint the defendant, among other things alleged that from November 1, 1905, until her death the decedent was incompetent. The trial court's finding, among other things, was that from August 27, 1903, until her death the decedent was incapacitated. The two expressions are synonymous. (Cent. Dict.) The point cannot be sustained.

■ Finally the plaintiff asserts that the agreement executed by the plaintiff and Margaret J. Allan conclusively established the right of plaintiff as survivor to recover the amount credited to the cotenancy account. She cites and relies on section 15a of the Bank Act (Stats. 1921, p. 1367.) There is nothing in the statute showing that the legislature was addressing itself to agreements attempted to be executed by insane or incompetent persons. Repeals by implication are not favored and, nothing to the contrary appearing, sections 38, 39 and 40 of the Civil Code will be construed together with section 15a of the Bank Act, and force and effect will be given to the provisions of each.

We find no error in the record. The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.