[Civ. No. 7151. First Appellate District, Division Two.—April 25, 1930.]

JOHN GILMOUR, as Executor, etc., Respondent, v. ANDREW GILMOUR, Appellant.

Harry S. Whitthorne and Twain Michelsen for Appellant.

Emilio Lastreto for Respondent.

STURTEVANT, J.—The plaintiff as executor commenced an action against the defendant to obtain possession of the funds alleged to be the property of Sarah Gilmour, deceased. The defendant answered and the trial was had before the court sitting without a jury. The court made findings in favor of the plaintiff and from a judgment entered thereon

the defendant has appealed. The defendant claims to be the absolute owner of the funds by reason of the fact that, as he claims, on the twenty-fifth day of April, 1923, the decedent joined him in opening a joint savings account and that as the survivor he is entitled to the funds in dispute.

In reply the plaintiff asserts that prior to the opening of said account, to wit, on the twenty-second day of May, 1920, the decedent was adjudged an incompetent person and this plaintiff was appointed guardian of her estate, and that thereupon he qualified and thereafter continued to act and was so acting at the time of the death of the decedent. If the proceeding so appointing him guardian were regular and free from legal objection the contention of the plaintiff must be sustained. (*O'Brien* v. *United Bank & Trust Co.*, 100 Cal. App. 325 [279 Pac. 1048].) However, the defendant asserts that the probate court had no jurisdiction to appoint the plaintiff as guardian of the estate of Sarah Gilmour. In this connection the defendant claims that the finding: "That the appointment of John H. Gilmour as guardian of the estate and person of Sarah Gilmour as an incompetent was proper and lawful," is not sustained by the evidence. Some of the undisputed facts are that the guardianship proceeding was commenced by John Gilmour. He presented to the trial court a verified petition. The court ordered citations issued. They were issued, served and returned. The citation as to Sarah Gilmour was not addressed to her, but there was evidence that the citation was *issued* and *served* and that she was present at the hearing of the guardianship proceeding. No objection was made in said proceedings regarding the informality of any paper. In its judgment the trial court recited, " . . . coming on regularly to be heard." We will concede the citation was irregular in form (Code Civ. Proc., sec. 1707). But it was not void. (*Walker* v. *Carver*, 93 Fla. 337 [112 South. 45, 47].) Jurisdiction depended upon the fact of service and not on the return of service (*Morrissey* v. *Gray*, 160 Cal. 390 [117 Pac. 438]). We think it cannot be said that the trial court sitting in probate did not have jurisdiction of the person of Sarah Gilmour when it heard the guardianship proceeding.

The judgment is affirmed. .

Nourse, P. J., and Spence, J., concurred.