OPPENHEIM *v.* NATIONAL SURETY CO.

BONDS—APPEAL—SUMMARY PROCEEDINGS—LANDLORD AND TENANT.
> Principal and surety on appeal bond, given by officers and directors of a corporation joined with latter in summary proceedings by corporation's lessor, were discharged from liability where reversal of judgment as to individual defendants was had on appeal.

Appeal from Wayne; Moll (Lester S.), J. Submitted January 12, 1934. (Docket No. 4, Calendar No. 37,468.) Decided March 6, 1934.

Assumpsit by David Oppenheim and wife against National Surety Company, a foreign corporation, and others on an appeal bond. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Ralph E. Routier* (*Ephraim Roos Gomberg* and *Royal A. Oppenheim,* of counsel), for plaintiffs.

*Angell, Turner, Dyer & Meek* (*J. Thomas Dasef,* of counsel), for defendants.

EDWARD M. SHARPE, J. Plaintiffs owned certain real estate in Detroit and leased the same to the Hamilton Real Estate Company. When the company failed to pay its rent, the plaintiffs gave the company as well as its officers and directors notice to quit. Later, summary proceedings were brought before a circuit court commissioner against the company and against its officers and directors as individual defendants.

On the return date of the commissioner's summons the individual defendants appeared by attorney and disclaimed any right on their part as individuals to possession of the premises. The corporation defendant did not appear, and when the proofs had been taken the circuit court commissioner entered a judgment, pursuant to 3 Comp. Laws 1929, § 14979, against both the corporation and the individual defendants.

Within the statutory period the individual defendants appealed the case to the circuit court and furnished the required bond (3 Comp. Laws 1929, § 14987). The defendant corporation did not appeal. Upon trial in the circuit court the trial judge determined that the plaintiffs had not shown that the individual defendants were in possession of the premises, and that, since the corporation defendant had not appealed, it was not a party to the appeal. Judgment was rendered in favor of the defendants of no cause of action. Plaintiffs then filed an application for leave to appeal to this court, and an order was here entered pursuant to a stipulation of the parties affirming the judgment entered by the trial court, also affirming the circuit court commissioner's judgment as to the corporation defendant, without in any way waiving, prejudicing or affecting the claimed liability or defenses upon the bond filed in the appeal to the circuit court. Plaintiffs later obtained a writ of restitution from the circuit court of Wayne county, and now bring suit upon the bond.

The bond is conditioned that the principals thereon "shall prosecute said appeal with all due diligence to a decision in said circuit court, and if a judgment shall be rendered against him (them?) in said court, shall pay the amount of said judgment, including the costs of said appeal, and in case the

said appeal shall be dismissed, if the said Phelps
Newberry, Frederick P. Smith, Frederick C. Ford,
Frank W. Brooks, Jr., Frank D. Nicol and James D.
Standish, Jr., shall pay the costs of said appeal, then
this obligation to be void, otherwise to remain in full
force and virtue.''

It also contained the following:

''The further condition of this obligation is such,
that in case the said David Oppenheim and Sarah
Oppenheim shall obtain restitution of the premises
described in this complaint in this suit, if the said
Phelps Newberry, Frederick P. Smith, Frederick C.
Ford, Frank W. Brooks, Jr., Frank D. Nicol, James
D. Standish, Jr., shall forthwith pay all the rent due
or to become due this complainant for the premises
above described, up to the time said complainant
shall obtain restitution thereof, then this obligation
to be void, otherwise to remain in full force and
virtue.''

The effect of the judgment before the circuit court
commissioner was that all defendants named therein
were in possession unlawfully and that plaintiffs
were entitled to repossess said premises. *Samaha
v. Hamper Estate Co.,* 247 Mich. 210. After judg-
ment before the circuit court commissioner, the ap-
pealing defendants had the right to appeal independ-
ent of any action that the Hamilton Real Estate
Company might take or fail to take. The failure of
the Hamilton Real Estate Company to appeal within
the statutory period gave plaintiff the right to a
writ of restitution against the Hamilton Real Estate
Company.

The judgment rendered by the circuit court com-
missioner against the appealing defendants was that
they were guilty of unlawfully withholding pos-
session of the premises from the plaintiff. The pur-

pose of their appeal was to relieve themselves of such liability by a reversal in the circuit court. In order to appeal, they were compelled to furnish a bond. When the circuit court reversed the judgment of the circuit court commissioner, the appealing defendants accomplished their purpose. The affirmance of the judgment of the trial court by this court meant that the appealing defendants were not guilty of unlawfully withholding possession of the premises. Such a determination wholly satisfied the conditions of the bond. The purpose of the bond was to provide for liability if restitution were recovered against the appealing defendants. No such writ was recovered against them. The failure of plaintiff to sustain the judgment of the circuit court commissioner in the circuit court or in this court was a discharge of the principals and surety on said bond.

Affirmed. Costs to defendants.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.