REID *v.* GOODEN.

1. JUDGMENT—RES JUDICATA.

A judgment, to constitute a bar to a claim in a subsequent action must be rendered upon the merits, upon the same matter in issue, and between the same parties or their privies.

2. SAME—RES JUDICATA—JURISDICTION.

A judgment, to be *res judicata,* must be valid and by a court having jurisdiction.

3. FORCIBLE ENTRY AND DETAINER—FINDING OF JURY—MODIFICATION OF CONTRACT.

In proceedings to obtain restitution of premises, brought before circuit court commissioner, following forfeiture of a land contract, in which jury found contract had been modified and that a certain sum was due plaintiff, she would be entitled to premises subject to redemption of the contract upon payment of sum found due (3 Comp. Laws 1929, § 14988).

4. VENDOR AND PURCHASER—SUMMARY PROCEEDINGS—RES JUDICATA —FORECLOSURE.

In suit to foreclose land contract because payments were not made in accordance with its terms, brought after adverse conclusion of proceedings to forfeit contract and recover possession, in which jury found contract had been modified so as to provide smaller monthly payments to run for the life of the contract than were provided in contract itself, subject-matter of such proceedings *held, res judicata* of instant suit.

Appeal from Wayne; Richter (Theodore J.), J. Submitted October 13, 1937. (Docket No. 131, Calendar No. 39,762.) Decided December 15, 1937.

Bill by Clara Reid against Thomas G. Gooden and wife to foreclose a land contract. Bill dismissed. Plaintiff appeals. Affirmed.

*Frederick Goodell,* for plaintiff.

*Charles A. Svenson,* for defendants.

SHARPE, J.   Plaintiff filed a bill of complaint in the circuit court of Wayne county seeking foreclosure of a land contract as against the defendants. The purchase price of the real estate named in the land contract was $8,140, payable $2,000 at the time of delivery of the contract and the balance in monthly payments of $60, which included interest. These payments were made from October 3, 1929, up to April 1, 1931; and commencing on April 4, 1931, up to and including April 7, 1936, the defendants made monthly payments on said contract of $40.

In the fall of 1935, plaintiff instituted suit before a circuit court commissioner and, during the trial, claimed that the payments were $50 per month, while the defendants claimed the payments were $40.   The jury impaneled in said cause brought in a verdict as follows:

"December 5, 1935.   The question in this case whether the defendants were to pay $50 or $40 a month.   The jury find the defendants not guilty of $50, but guilty of $40 per month to run the life of the contract and found the amount to be $120."

The defendants paid the amount found due and thereafter plaintiff accepted $40 per month as payment on the contract until May, 1936, when defendants were notified that plaintiff would no longer accept payments for the sum less than that mentioned in the contract.   Thereafter defendants offered and plaintiff refused payments of $40 per month to apply upon the purchase price mentioned in the contract.   The trial court found that the payments on the contract were reduced by mutual agree-

ment from $60 to $40 per month on May 4, 1931; that no notice increasing payments was given to defendants prior to the institution of the present suit; and that no notice of intention to foreclose the contract was given.

The plaintiff appeals and contends that there was no parol modification of the written instrument; that the subject-matter before the circuit court commissioner was the right of possession following forfeiture and that the jury's verdict wherein it was stated that the monthly payments had been reduced for "the life of the contract" was mere surplusage. The appellee contends that the parties to a land contract may modify that contract orally after the same has been entered into, and that the modification as found by the jury impaneled by the circuit court commissioner is *res judicata* of the issue involved in the present action.

The vital question in this cause is whether the modification as found by the jury is *res judicata* of the issue raised in the present action.

Provisions for summary proceedings to recover possession of lands are set forth in 3 Comp. Laws 1929, § 14975 *et seq.* Section 14979 applies to land contract cases and is as follows:

"Upon the return of such summons, if the same be returned duly served, and the defendant appears, such defendant may plead not guilty to the complaint, or if he neglect or refuse to plead thereto, such officer shall enter such plea for him, and such issue shall be tried and judgment shall be rendered, and the same proceedings shall be had thereon in all respects, and the costs shall be taxed and collected in the same manner as in cases of forcible entry or detainer, and with the like effect: *Provided,* That if it is claimed either upon the trial before such officer, or upon the trial of any appeal to the circuit court, that the plaintiff is entitled to

the possession of said premises, in consequence of the nonpayment of any sum of money due, either as rent or as a part or portion of the purchase money of premises, under a contract in writing for the purchase thereof, such officer, or the court, or the jury, if the case is tried by a jury, shall, in addition, ascertain and determine the amount due the said plaintiff, and such amount shall be stated in said judgment.''

In *Tucker* v. *Rohrback*, 13 Mich. 73, we said:

''That a judgment, to constitute a bar to a claim in a subsequent action, must be rendered upon the merits, upon the same matter in issue, and between the same parties or their privies, is unquestionable.''

A judgment to be *res judicata* must be valid, *Page* v. *Garver*, 5 Cal. App. 383 (90 Pac. 481), and by a court having jurisdiction. *Fitch* v. *Stanton Township*, 111 C. C. A. 210 (190 Fed. 310).

In the case at bar the circuit court commissioner had jurisdiction of the subject; the parties were identical; a valid judgment was rendered and it was upon the merits and not appealed from by either party. In *Samaha* v. *Hamper Estate Co.*, 247 Mich. 210, we held that a judgment of restitution by a circuit court commissioner in summary proceedings against a tenant for failure to pay rent was *res judicata* of questions properly and necessarily involved; and that the questions involved were that defendant was in possession of the premises (either actually or constructively) and that such possession was unlawful; and that plaintiff was lawfully entitled to possess the same.

In the case at bar the principal question involved before the circuit court commissioner was the right to possession of the premises, and this depended in

part upon whether or not there had been a modification of the contract and also whether there was any sum of money due plaintiff from defendants.

See, also, *Security Investment Co.* v. *Meister,* 214 Mich. 337; *Manuel* v. *Federal Commercial & Savings Bank,* 227 Mich. 647; *Blazewicz* v. *Weberski,* 234 Mich. 431; *William F. Nance Realty Co.* v. *Wood-Wardowski Co.,* 242 Mich. 110.

The jury found that there had been a modification of the contract and that the amount due plaintiff was the sum of $120. Under this verdict, plaintiff was entitled to possession of the premises; however, if the amount found due plaintiff was paid within the time specified in the statute a writ of restitution would not issue and the contract would be redeemed. 3 Comp. Laws 1929, § 14988.

If plaintiff felt wronged by reason of the jury's verdict, her remedy was by way of appeal, but instead of appealing she acquiesced in the same by accepting payments in conformity with the monthly rate as found by the jury.

In the present suit, plaintiff seeks the same results as were sought in the action before the circuit court commissioner, the parties are identical and the result would depend upon whether or not there had been a modification of the contract. In our opinion the subject-matter of this suit was adjudicated by the circuit court commissioner.

The decree of the trial court is affirmed. Defendants may recover costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, POTTER, and CHANDLER, JJ., concurred.