WILLIAM CLARK, Plaintiff in Error, *v.* HUGH LYONS, Defendant in Error.

25 105
68a 233

### ERROR TO UNION.

Where a bond provides that if default be made in the payment of a note given for the sale of land at a time previously stated, then the agreement to be void; a failure to pay on the day, will not work a forfeiture, where time is not of the essence of the contract.

Courts will or will not enforce such contracts, as the attending circumstances may justify.

Rigid forfeitures of contracts should not be exacted where parties have acted in good faith.

A deed with a covenant of general warranty, answers a covenant to make a sufficient conveyance of land.

THIS was a bill in chancery, filed by defendant in error.

The bill alleges that in 1851, J. Sloan purchased from one Treat, the land in dispute, for $75, of which $50 was paid. That Sloan took possession of the land; that soon after, Treat died, not having made a title to Sloan for said land, and leaving $25 due thereon; that about the 1st of March, 1853, Clark purchased from the estate of Treat, the debt of $25 and interest, and having sold to Sloan a yoke of oxen for $50, it was agreed that Clark should take a conveyance of the lands to himself as security for said sum of $75, and the same was conveyed to him. That said debt was due about February 21, 1854, and about that time a bill of Dr. Boggs, of $25, was added to said $75 and interest, making about $108, and that 25 per cent. was added thereto, as interest for one year, from February 21, 1854, making $135, and on that day it was agreed that Sloan should execute to Clark his note for $135, due one year from date, and Clark should execute a bond for a deed to Sloan for said lands on payment of said money, all of which papers were executed. The condition of said bond provided, "That if default be made in the payment of said note at the time aforesaid (when due), then this obligation and said agreement to sell said land, to be void and of no effect."

Bill alleges that Sloan made large improvements on said lands by erecting houses, etc. That at the execution of said contract, Sloan executed to Clark a mortgage on some cattle, etc., to secure the payment of said note, which property was, on default of the payment of said note, to be the absolute property of Clark. That about the 15th of March, 1854, Sloan sold the lands to Lyons for $200, of which $100 was paid to Sloan, and the remainder was not to be paid until at or about the maturity of the note given by Sloan. That Sloan assigned

the bond of Clark to Lyons; that Lyons took possession of said lands and made improvements, etc.; that at the time of the maturity of said note, complainant was sick and confined to his room, so that it was impossible for him to call on Clark to ascertain whether Sloan had paid said note. Alleges that Clark, after the maturity of said note, took possession of said mortgaged property, " and at the same time refused to make to complainant, or to Sloan, a deed for said land," and pretended that by the failure to make payment, the land was his. That on the 1st of March, 1855, although he was not bound to pay the same, he tendered the money to defendant; that Clark refused to receive it, pretending that the land was his own. Bill prays that the land be conveyed to Lyons.

The answer admits that defendant sold land to complainant for $137.27. Denies that he was anxious to do so, but says it was at the earnest solicitation of Sloan. That said stipulation in the bond that it should be void, was carrying out the original contract and intention of the parties, and was so understood by them. Says the only improvements made was a smoke-house worth eight dollars. Admits that Sloan executed a mortgage; that at the maturity of said note, believing he had a right to said mortgaged property, he took possession thereof; that afterwards, being advised he was mistaken, he surrendered it to Sloan, and has never since had possession or control of it. He had heard Sloan had sold the land, but it was only rumor. Denies all knowledge of Lyons' sickness. Admits that he insisted at the time said note was due, and has always since, that said contract was forfeited. Denies all other allegations.

*J. Sloan* testified that he first bought the land of Treat, as stated in the bill. Told Clark I had assigned to Lyons. Lyons paid me $100, and was to pay Clark $100. Three or four days after the note was due, Clark came to my house and asked me what we had let the bond run out for, and I asked him if he would take the money, and he said he would not, and was coming to take the property, and did take the steers and cow and calf. Lyons was sick, and had been a month or more.

All the improvements, except smoke-house, were made before last contract with Clark. I got the steers and cow back from Clark.

*T. Buffington* says: Saw Lyons on 1st day of March, 1855; was able to ride in his wagon, but looked very feeble. Lyons told Clark he wanted to pay him for that land, and took out his pocket book. Clark said it was too late, and went away. I counted the money, there was $135.50.

The court decreed that Clark should, within ninety days, convey to Lyons said lands, with covenants of general warranty, on

Lyons paying or depositing with the clerk $135.27 within the said ninety days, and that defendant pay the cost.

The errors assigned are, that the court erred in decreeing that plaintiff in error should convey the land in question to defendant; in deciding that plaintiff should make conveyance with covenants of general warranty; ,and in deciding in favor of defendant in error and against plaintiff in error.

This cause was not argued by defendant in error.

J. BEECHER, for Plaintiff in Error.

BREESE, J. We are well satisfied that time was not of the essence of this contract, and therefore a failure to pay on the day did not forfeit the contract. *Mason* v. *Caldwell,* 5 Gilm. 196. The doctrine of equity is compensation and not forfeiture, as we have repeatedly declared. *Glover* v. *Fisher et al.,* 11 Ill. 666; *Morgan et al.* v. *Herrick, Adm'r, et al.,* 21 ib. 497.

It is discretionary with courts to enforce or not such contracts, as the attending circumstances may warrant. We see nothing in the case to justify the inference that the delay which did come in the payment of the money, arose out of a desire to repudiate the contract or procrastinate the payment. The complainant seems to have acted in good faith, and a rigid forfeiture should not be exacted.

The defendant covenanted to make a sufficient conveyance of the land, and a deed with a covenant of general warranty is such a conveyance.

The decree must be affirmed. *Decree affirmed.*