## Samuel Ditto

*v.*

## George F. Harding.

1. SPECIFIC PERFORMANCE—*will not be enforced in equity when party seeking it has delayed performance.* Contracts with reference to the sale of lands must be performed or rescinded within a reasonable time, although time is not of the essence of the contract; and if a party has been guilty of any unreasonable delay on his part, that can not be explained consistently with good faith, equity will not enforce a specific performance.

2. Where the vendor in a contract for the sale of land offers to perform on his part within the time named in the contract, and the purchaser has the means and ability to perform on his part but refuses to do so, and is informed that unless he does so on or before the day for performance named in the contract, the vendor will not convey, and he still refuses to perform, without any reasonable excuse for so doing, and permits the time named in the contract to expire before offering to perform, he can not have a specific performance of the contract enforced in a court of equity.

APPEAL from the Circuit Court of Mercer county; the Hon. George W. Pleasants, Judge, presiding.

Mr. B. C. Taliaferro, for the appellant.

Mr. I. N. Bassett, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was a bill in equity, exhibited in the circuit court of Mercer county on the first day of May, 1858, by George F. Harding against Samuel Ditto, to compel the specific performance of a contract for the sale of a certain tract of land in Mercer county.

At the August term, 1873, the cause was heard, and a decree entered requiring the defendant to the bill to convey the land to the complainant within thirty days. To reverse this decree the defendant brings the record here by appeal.

The contract upon which complainant relied in his bill was as follows:

"It is agreed between Samuel Ditto and George F. Harding

as follows: Said Ditto sells to George F. Harding all his interest in four-fifths of the tax title to S. E. 19, 13 N., 3 W., in Mercer county, Illinois, being all his interest in said land; and Ditto agrees to convey to said Harding, in ten days from date, said land, by quitclaim deed; and said Harding agrees to pay therefor $125, in ten days from date. Ditto also agrees to act as the tenant at will of said Harding on said land.

his
" SAMUEL + DITTO,      [seal.]
mark.

Attest:                          " GEORGE F. HARDING.   [seal.]
   " JOSEPH S. MATTHEWS."

The contract was not dated, but the complainant testified that it was executed on the 13th day of May, 1857. At the time the contract was made, appellant was in the possession of the premises under a tax title. Appellee came to him and claimed to own the patent title, and desired either to sell his title or buy that of appellant. It is claimed by appellant, that representations were made by appellee, which included the making of the contract, which were false. This is denied by appellee.

Whether the contract was obtained by that degree of fairness which is required before a court of equity will lend its aid to decree a specific performance, it will not be necessary to consider, as the record discloses other grounds fatal to the decree.

It seems, from the evidence, to have been the understanding of the parties that appellee should prepare a deed, ready for execution, and bring it to appellant with the money named in the contract. Accordingly, about one week after the contract was made, appellee sent Matthews, the subscribing witness to the contract, with a deed and the money to appellant, to have the deed executed. Appellant offered to execute the deed and receive the money, but as appellant's wife refused to join in the deed, Matthews, the agent of appellee, refused to accept the deed and pay the purchase money. Appellant urged Matthews to accept the deed and pay the money. Ap-

pellant, in his evidence, says: " When Matthews came the first time, and refused to receive the deed because she would not sign it with me, I told him *I would consider the contract dead on the tenth day after the contract was written.* I offered to go with Matthews and have the deed executed by myself, if he would pay me the money within the ten days from the making of the contract." Matthews, however, would not receive the deed unless appellant's wife would also execute it, and went away.

It appears, from the evidence, that in about two weeks after the expiration of the ten days in which the money was to be paid and the deed made, Matthews again called upon appellant, and notified him he had heard from appellee, and that he was then willing to pay the money and receive a deed executed by him without his wife joining in the deed. Appellant then refused to execute the deed, because the time had expired in which the money was to be paid and the deed executed. About six weeks after this Matthews again offered to pay, and called for a deed, which was refused.

This contract did not contain a provision authorizing a forfeiture in case of non-payment, nor was time expressly made the essence of the contract. It is well settled that a court of chancery may, in the exercise of a sound legal discretion, disregard the day named in the contract for a performance thereof, and decree a specific performance.

In the exercise, however, of such a discretion, it is proper to consider the reason for and extent of the delay, the amount, if any, which has been paid upon the contract, and all the circumstances which may have influenced or justified the party in failing to promptly pay at the time required by the contract. And as was said by this court in *Glover* v. *Fisher*, 11 Ill. 666: " Where there can be no excuse for the delay, but it is manifest that the purchaser has wantonly, in the exercise of his arbitrary will or caprice, refused to pay at the time, when he had the means and could have done so as well as not, he can not, with any propriety, ask the court to excuse him for his wilful disregard of the specified terms of his obligation, no

matter how soon he may have repented of his perverseness, and offered to perform."

If the vendee manifests a disposition to repudiate the terms of the contract, or procrastinate the time of payment, a court of equity may, after such conduct, properly refuse its aid to enforce a specific performance. *Clark* v. *Lyons*, 25 Ill. 105.

The vendee is required to show that he has not been negligent, and that there has been no *laches* on his part, the rule being that the party claiming the benefit of the contract must prove himself ready, desirous, prompt and eager to perform fully his part of the contract. *Murphy* v. *Lockwood*, 21 Ill. 611.

In the last case cited, it is said: "Parties may make time material, and so it may be considered as material, though no part of the contract itself; as, where one party fulfills all the conditions of a contract, he may demand a like performance of the other party within a reasonable time, or on the day named for performance, and upon default may rescind."

It was also held in *Taylor* v. *Merrill*, 55 Ill. 52, that all contracts with reference to the sale of lands, where time is not of the essence of the contract, must be performed or rescinded within a reasonable time, and if there has been any unreasonable delay that can not be explained consistently with good faith, equity will always hesitate to enforce a specific performance of the contract.

In the case under consideration, no satisfactory reason is shown why the purchase money was not paid within the time limited by the contract. The agent of appellee was present when the contract was executed, and was an attesting witness. He testifies he knew the terms and conditions of the contract. This being the case, he knew the contract did not require the wife of appellee to execute a deed. He had the money at hand to pay the amount named in the contract, and when appellant offered to execute the deed, and urged the agent of appellee to accept it, and even went so far as to inform him unless the money was paid within the time limited by the contract, he would not, after that time, execute a deed, under the circum-

stances of this case, the delay of appellee for two weeks before he concluded to accept the deed, is inexcusable.

Appellee had fair warning, and when he saw proper to take the chances, he ought not to call upon a court of equity to assist him to enforce the contract, when, had it not been for his own negligence, the contract would have been fully performed by appellant. The act of appellee in insisting upon a deed other than called for by the contract, was, in effect, a repudiation of the contract by him.

The record before us fails to disclose a state of facts which should be shown to place appellee's case in a favorable position in a court of equity. No money has been paid on the contract; no possession taken under it by appellee, or improvements made upon the land on the faith of the purchase—nothing done under the contract. In fact, his case rests solely upon a mere naked contract, with which he failed to comply, as required by its terms.

We are, therefore, of opinion, that the decree was not justified. It will, therefore, be reversed, and the bill dismissed.

*Decree reversed.*