GILLESPIE *v.* LEE.

1. QUIETING TITLE—JUDICATURE ACT—WHO TO BE JOINED AS DEFENDANTS.

   In proceedings to quiet title under the judicature act (3 Comp. Laws 1915, § 12371 *et seq.*), the test as to whether one shall be made a party defendant does not turn upon the question as to whether he has asserted any title or interest in the premises, but as to whether he might do so.

2. SAME—DISCLAIMER—DEMAND UPON DEFENDANT UNNECESSARY.

   Nor is it necessary for plaintiff to show that a demand was made upon defendant to disclaim any interest in the premises and that he refused to do so, since the statute does not require it.

3. SAME — STATUTE — SUBSTANTIAL COMPLIANCE SUFFICIENT — EQUITY PRACTICE.

   A substantial compliance with the statute, which undertakes to point out specifically who shall be joined as parties defendant and the conditions under which they shall be joined, is sufficient, and defendant's contention that the equity practice should be read into the provisions of the statute cannot be sustained.

Appeal from Genesee; Black (Edward D.), J. Submitted October 7, 1920. (Docket No. 45.) Decided December 21, 1920.

Bill by James S. Gillespie and another against Frank Lee and others to quiet title to land. From an order granting a motion by defendant Lee to dismiss the bill as to him, plaintiffs appeal. Reversed, and order vacated.

*Terry & Parsons,* for plaintiffs.

*McFarlan & Wilson,* for defendant Lee.

BIRD, J.  Plaintiffs filed their bill in pursuance of the judicature act (3 Comp. Laws 1915, § 12371 *et seq.*) to quiet the title to certain premises in Genesee county, which they had theretofore conveyed by deed with covenants of warranty. Several persons were made parties defendant. It is charged in the bill that the records in the register of deeds' office disclose that a portion of the premises had been conveyed in the year 1868 to Eliza Lee; that she is now deceased and that Frank Lee, the defendant herein, is one of her heirs and resides in the county of Genesee, and that neither, so far as the records show, ever released or conveyed said premises. In view of this, Frank Lee was made one of the defendants and personally served with process. Later he appeared and filed a motion in the nature of a demurrer to dismiss the suit, as to him, upon the following grounds:

(1) There is no allegation in the bill of complaint that at the time of the verification of said bill of complaint, said Frank Lee was claiming any title to the land described in said bill of complaint, or had ever laid claim to any title to said land.

(2) There is no allegation in the bill of complaint that plaintiffs, or any person for them, ever demanded of said Frank Lee that he disclaimed all title to said land.

(3) There is no allegation in said bill of complaint that said Frank Lee ever refused to disclaim title to said land.

After a hearing thereon the chancellor dismissed the suit as to defendant Lee, agreeable to the prayer of said motion. Plaintiffs have appealed from this order.

1. These provisions of the judicature act appear not only to authorize plaintiffs to make defendant a party, but make it incumbent upon them to do so if they desire to make their proceeding effective. The language of the statute is:

"When any one against whom proceedings under sections twenty to twenty-seven, inclusive, of this chapter might otherwise be brought is known to be dead, and some of the persons who might claim under him and their places of residence are known, such of them as are known shall be named as defendants and brought before the court in the manner provided by law, and all others who might claim under such deceased person may be included as unknown defendants." 3 Comp. Laws 1915, § 12373.

We find nothing in the statute which makes it obligatory upon plaintiffs to show that defendant Lee is claiming any title to or interest in the premises. The test as to whether one shall be made a party does not turn upon the question whether he *has* asserted any title or interest in the premises, but whether he *might* do so. As is pointed out by counsel, the law in force prior to the passage of the judicature act provided for the filing of bills against parties "setting up claims in opposition to the title claimed by complainant," whereas the judicature act provides that "any person who *might* at any time under the provisions or legal effect of any instrument of record claim *or be entitled to claim* any benefits thereunder" may be made a party defendant (section 12371). Under the prior law defendant's contention would have some force, but under the present one the contention is without merit.

2 and 3. To the point that the bill does not show that plaintiffs have ever demanded that defendant Lee disclaim any interest therein, and that it does not show that he ever refused to do so, it may be said that the statute does not require it. But counsel argue that the equity practice should be read into these provisions. When the legislature undertakes to, and does, point out specifically who may be made parties defendant, and the conditions under which they may or shall be joined, a substantial compliance therewith

must be held sufficient to authorize the proceeding against the parties so named. The order dismissing the proceeding as to defendant Lee will be vacated and one entered agreeable to this opinion. The plaintiffs will recover their costs in both courts.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.