SECURITY INVESTMENT CO. *v.* MEISTER.

1. QUIETING TITLE—VENDOR AND VENDEE—APPEAL AND ERROR—
   MORTGAGES—PAYMENT OF DEBT SECURED BY DEED.

   As to whether quitclaim deeds by vendee in a land con-
   tract on which he was in default were given for the
   purpose of vexing and annoying the vendor in its attempt
   to regain possession after forfeiture of the land contract,
   as claimed by it, or whether given to secure money ad-
   vanced, as claimed by the vendee, *held*, unimportant on
   appeal from the decree in a suit to quiet title, where it
   appears from the record that the debt for which the
   deeds were claimed to have been given has been paid
   and the grantee therein claims no further interest in
   the land.

2. SAME—DEFENSES—FAILURE TO PAY SPECIFIC TAX ON LAND
   CONTRACT—ENFORCING LAND CONTRACT—JUDGMENT.

   In proceedings by the vendor in a land contract to quiet
   title, after forfeiture and judgment of restitution in sum-
   mary proceedings by it before the circuit court commis-
   sioner, which was not appealed from, there being of record
   a quitclaim deed given by the vendee, the defense of
   failure to record the land contract and pay the specific
   tax under 1 Comp. Laws 1915, § 4268 *et seq.*, is not
   available; this proceeding not being one to enforce the
   contract.

3. SAME—JUDGMENT—SUMMARY PROCEEDINGS—RES JUDICATA—COL-
   LATERAL ATTACK.

   If said defense was urged in the summary proceedings
   and overruled by the commissioner, defendants' remedy
   was by appeal; it could not withhold a defense to that
   proceeding for the purpose of making it available in
   equity as a basis of collateral attack.

4. EQUITY—JURISDICTION—MAY NOT REVIEW EVIDENCE IN LAW
   CASE.

   It is not the province of the court of equity to examine
   the evidence adduced upon a trial at law and determine
   whether it supports the judgment.

   214—Mich.—22.

5. QUIETING TITLE—LAND CONTRACTS—PROPRIETY OF FORFEITURE NOT OPEN—JUDGMENT.

In this proceeding the propriety of the forfeiture is not an open question, but it might have been raised in the proceeding before the commissioner.

6. SUMMARY PROCEEDINGS—VENDOR AND PURCHASER—FORFEITURE —TIME FOR REDEMPTION—EFFECT OF APPEAL.

Under the statute (3 Comp. Laws 1915, § 13253, as amended by Act No. 243, Pub. Acts 1917), the vendee has 30 days in which to redeem after judgment against him in summary proceedings in the circuit court, on appeal, and this time is not prolonged by an appeal to the Supreme Court.

7. VENDOR AND PURCHASER—LAND CONTRACTS—FORFEITURE—JUDGMENT—EQUITY—JURISDICTION.

Where defendant vendee was in default, regular proceedings were had under the statute before the circuit court commissioner, and judgment of restitution was rendered and the amount then due fixed, the time of redemption expired without payment of said amount, and no accident, fraud, or mistake is alleged, the judgment rendered, if the commissioner had jurisdiction, is a finality, and neither it nor the evidence upon which it is based may be reviewed by a court of equity.

8. SAME—DEFAULT—FORFEITURE—JUDGMENT—EQUITY—REFUND OF PAYMENTS AGREED TO BE RETAINED.

Where the vendee in a land contract agrees that on his default the vendor has the right to declare the contract void and to retain whatever may have been paid thereon, the court will not, in proceedings for an accounting after forfeiture and judgment of restitution, raise a promise on the vendor's part to refund the payments in the face of vendee's agreement that the same should not be refunded.

Appeal from Wayne; Mandell (Henry A.), J.    Submitted April 26, 1921.    (Docket No. 73.)    Decided June 6, 1921.

Bill by the Security Investment Company against Saul H. Meister and another to quiet title to land.

Defendant Meister filed a cross-bill to reinstate a land contract and for specific performance.   From a decree for defendant Meister, plaintiff appeals.   Reversed, and decree entered for plaintiff.

*Daniel R. Foley,* for plaintiff.

*Joseph B. Beckenstein* and *J. A. Spaulding,* for defendant Meister.

In December of 1916 by virtue of assignments to it plaintiff stood in the relation of vendor of four land contracts for the sale of four lots located in the village of Ecorse, Wayne county, and defendant Meister by virtue of assignments to him stood in the relation of vendee.   The monthly payments provided for in the contract were $8 on each lot.   For about a year thereafter Mr. Meister made, as appears by the indorsements, somewhat irregular payments but in December, 1917, he made a payment upon principal and interest which paid the interest to the 19th day of that month.   Thereafter he made no payments on any of the contracts and on July 2, 1918, notice of forfeiture and demand for possession was served by plaintiff on him.   This was followed by summary proceedings before a circuit court commissioner in which Mr. Meister appeared and which resulted in a judgment of restitution and a fixing of the amount due on the contract on July 15th.   On August 29th, the amounts fixed not having been paid, writs of restitution were duly issued and served.   Defendant Meister attempted to negotiate with plaintiff to renew the contracts, but, failing in this, appealed to plaintiff's attorney to intercede in his behalf.   This plaintiff's attorney did and secured an offer from it to renew the contracts if defendant would make it whole, *i. e.,* pay the amount due and reimburse it its costs and expenses including what it had paid its at-

torney. Mr. Meister declined this offer but does claim to have tendered an amount which his testimony leaves somewhat uncertain but which he claims was the amount due and half the amount plaintiff paid to the attorney for his services. This was refused.

Plaintiff, having contracted to sell the lots, learned from an examination of the record that on August 13, 1917, defendant Meister had executed a quitclaim deed to defendant Julius Lefton, and on October 14, 1918, had also executed a quitclaim deed to Lefton which recited that it was executed to "correct an error" in the former deed. In the later deed but not in the earlier one Lefton is described as "Private U. S. Army, Raritan, New Jersey." The plaintiff thereupon filed this bill to quiet title. An answer was filed signed by defendant Meister for himself and defendant Lefton. The answer asked for affirmative relief by way of cross-bill, that the contract be reinstated, an accounting had and inferentially for a decree of specific performance. The quitclaim deed to Lefton was claimed by defendant to have been given as security for money advanced and upon the trial it appeared that the amount due him had been paid. The court below refused plaintiff the relief sought and awarded defendant Meister specific performance. Plaintiff appeals.

FELLOWS, J. (*after stating the facts*). Plaintiff by its bill claims that the deeds to Lefton were without consideration and fraudulent and were made to place the title out of Meister and in one in the service for the purpose of vexing and annoying it and that it had no actual notice of their existence although conceding constructive notice from their record. Defendant Meister insists that they were given to secure money advanced and were in all regards free from fraud. As the debt secured by them has been paid,

if one existed, and Lefton no longer has or claims to have an interest in the lots and is not in any way affected by these proceedings, we have no occasion to consider any of these claims. The matters adjudicated by the court below and now before us on appeal concern only the plaintiff and defendant Meister. While several questions are discussed we think the controlling ones are within a very small compass.

There is no claim that there is any irregularity in the proceedings before the circuit court commissioner or that he was without jurisdiction. There is no claim that defendant had made any payments he was not given credit for. There is no claim that he was not in default or that he did not receive the notice of forfeiture. There is no claim that he was lulled into insecurity by any act or promise of plaintiff, or that he failed to make any defense before the commissioner because of any promise or act of the plaintiff. Indeed, he appeared personally and by counsel in that proceeding. In short, this record will be searched in vain for facts which establish grounds for equitable relief from the judgment rendered by the commissioner.

What defendant's counsel do urge upon the court is that plaintiff's notice of forfeiture was ineffectual because at the time it was given it had not paid the specific tax required by Act No. 91, Pub. Acts 1911 (1 Comp. Laws 1915, § 4268 *et seq.*), and particular stress is laid upon section 8 of the act (§ 4275). Their further contentions are that equity does not favor forfeitures, will not decree them, and will relieve from them. Much space is taken in the briefs of both counsel in the consideration of the question of the payment of the specific tax provided for in the act above cited, it being the claim of defendant's counsel that under the section noted the contract may not be "enforced" without its payment, and that the notice of forfeiture was an attempt to "enforce" it, or at least was one of the

steps in its enforcement and could not be had without the payment of the tax. This presents an interesting question and the briefs demonstrate that both counsel have devoted much time and ability to its consideration. When properly before the court it will receive the consideration its importance requires. But this is not a proceeding to enforce the contract. This is a proceeding to enforce and give effect to the judgment rendered by the circuit court commissioner. Whether this question was urged before the commissioner this record does not reveal. That it was available to defendant then, if at all, cannot be questioned. Here it is urged in a collateral attack upon the judgment there rendered. If there urged and overruled manifestly defendant's remedy was by an appeal, and it must be equally manifest that defendant could not there withhold a defense to that proceeding for the purpose of making it available in equity as a basis of collateral attack. It is not the province of the court of equity to examine the evidence adduced upon a trial at law and determine whether it supports the judgment. The circuit court commissioner had jurisdiction. If the judgment rendered by him was erroneous defendant's remedy was by appeal.

This court has been quite liberal in relieving parties from forfeitures. See *Lozon* v. *McKay*, 203 Mich. 364; *Hubbell* v. *Ohler*, 213 Mich. 664. But plaintiff is not here asking that a forfeiture be decreed. What it is here asking is that effect be given a judgment in its favor against the defendant in a case where the defendant might have raised the question of the propriety of the forfeiture, and where even after judgment, and for 30 days thereafter, he had the right to redeem and be relieved from the forfeiture. Plaintiff is here asking the court to say that what has been done terminated the contract and defendant's rights under it, and that any claims of defendant to the lots

are but a cloud upon its title.   The language of this court in *Pendill* v. *Union Mining Co.*, 64 Mich. 172, is quite applicable.   It was there said:

"Counsel for defendant further insist that the object of the bill is to declare a forfeiture of an estate for non-performance of a condition subsequent, against the rule that equity will never enforce a penalty or forfeiture.   We do not think this is the proper view to be taken of the bill.   The bill treats the lease as a void incumbrance, under which the defendant company, by its claims thereunder, clouds the complainant's title. The court is not asked to declare the forfeiture, but to ascertain whether or not a completed forfeiture exists, and, if so, to remove the cloud.   The bill does not ask the court to do the thing, but to ascertain whether it has been done, and, if so, to declare its effect upon the title to complainants' property."

In the case of *Lambton Loan & Investment Co.* v. *Adams*, 132 Mich. 350, this court pointed out that the vendor in a forfeited land contract had three remedies: (1) a suit in equity to foreclose the contract; (2) an action of ejectment; (3) proceedings under the statute. We also pointed out that if he took the statutory remedy he took it subject to the conditions imposed by the statute which at that time permitted payment of the amount found due within five days after the rendition of the judgment (3 Comp. Laws 1897, § 11177). And in *Smith* v. *Nelson*, 165 Mich. 438, we held that this statutory right to redeem was at an end five days after judgment in the circuit court on appeal and was not prolonged by an appeal to this court.

Section 11177, 3 Comp. Laws 1897, was carried into the judicature act without change (3 Comp. Laws 1915, § 13253).   But the legislature of 1917 saw fit to extend the time for redemption where the proceedings were upon an executory land contract and amended the section so that it now reads so far as important here (Act No. 243, Pub. Acts 1917):

"No writ of restitution shall be issued under the provisions of this chapter, until the expiration of five days, or in the case of a proceeding upon any executory contract for the purchase of real estate until the expiration of thirty days after the entry of judgment of restitution; and in case of an appeal within that time, no writ of restitution shall issue until such appeal be determined in the circuit court;  *  *  *  Any writ of restitution and return of service thereof may be recorded in the office of register of deeds for the county in which said lands or tenements are situated and when so recorded shall be notice to all persons of the termination of all rights of defendant in or to such lands or tenements."

A consideration of these statutory provisions shows the legislative intent to protect defaulting vendees and to give them a final opportunity to pay and be reinstated in their contract rights after a hearing as to amount due and a fixing of that amount. Under our holdings the vendor who avails himself of this statutory proceeding takes it subject to this provision. Defendant now asks us to add a further condition, i. e., that such judgment and the facts and law upon which it is based are all subject to review by a court of equity. Counsel for defendant rely on what is said in Davis on Michigan Practice before Circuit Court Commissioners, p. 313, quoted by this court in *Gregor v. Olde*, 209 Mich. 43, to support their contention. What the author then evidently had in mind and what this court clearly had in mind as appears from the language of the opinion immediately following the quotation was that in a proper case of equitable cognizance such as the one then before us equity would assume jurisdiction. The case then before us involved a judgment which we held the commissioner was without jurisdiction to render and which was void. The case does not sustain the defendant's contention.

To restate briefly: Defendant for over six months was in default in his payments; regular proceedings

were had under the statute before the circuit court commissioner and judgment of restitution was rendered by him and the amount then due was fixed; the time given defendant under the statute after judgment in which to redeem expired without payment of the amount so fixed; there is no accident, fraud, or mistake alleged.   Under these circumstances the judgment rendered in a case where the commissioner had jurisdiction is a finality, and neither it nor the evidence upon which it is based may be reviewed by a court of equity.   Defendant was not entitled to a decree for specific performance.

But it is insisted by defendant's counsel that if the defendant is not entitled to specific performance he is still entitled to an accounting for the money paid before the contracts were forfeited.   The contracts each contained the following provision:

"It is further agreed, by the parties hereto, that time shall be of the essence of this contract and that if the said party of the second part shall fail to make any of the payments or perform any of the conditions above set forth, in the manner and at the time above limited therefor, the parties of the first part shall, immediately after such failure, have the right to declare this contract void, and to retain whatever may have been paid hereon, and the premises, together with the buildings and improvements thereon and may consider and treat the party of the second part as their tenant holding over without permission, and may take immediate possession of the premises and remove the party of the second part therefrom."

A complete answer to this contention will be found in the recent case of *Niman* v. *Story & Clark Piano Co.*, 213 Mich. 397, where a similar contention was made. Mr. Justice WIEST, who wrote for the court, there fully considered such contention, reviewed the authorities in this and other States and concluded:

"We cannot raise a promise on defendant's part to refund the payments in the face of plaintiff's agree-

ment that the same should not be refunded. The con-
ditional sale agreement governs." * * *

Neither of the defendants now have any interest in
the premises in question. Defendant Lefton has been
paid the debt the deed to him was given to secure; de-
fendant Meister's interest was terminated by the pro-
ceedings before the commissioner and the failure to
redeem within the statutory time. Plaintiff is entitled
to a decree quieting its title. *Gillespie* v. *Lee*, 212
Mich. 213.

The decree of the court below will be reversed and
one here entered in conformity with the prayer of the
bill. Plaintiff will recover costs of both courts.

STEERE, C. J., and WIEST, STONE, CLARK, BIRD, and
SHARPE, JJ., concurred. MOORE, J., did not sit.