364    APPELLATE COURTS OF ILLINOIS.

Montana Wheat Land Co. v. Danaher et al., 225 Ill. App. 364.

---

## Montana Wheat Land Company, Appellant, v. Thomas F. Danaher and Northern Pacific Railway Company, Appellees.

### Gen. No. 27,234.

1. VENDOR AND PURCHASER—*mistake in computation as affecting validity of notice of forfeiture.* A notice of forfeiture of a contract for the purchase of land will not be held invalid because of a slight mistake in computing interest, when the amount necessary to reinstate the contract was stated with substantial accuracy, even though the contract did not require that the notice should state the terms of reinstatement..

2. VENDOR AND PURCHASER—*right of purchaser to elect as to application of first payments on contract.* A purchaser of land cannot elect to regard first payments on a contract for the purchase of land as being in full for certain parcels, when he is served with notice of forfeiture, when the contract fairly construed indicates that the payments for the certain parcels were to be in addition to the payments required by the contract, and when the contract expressly provided that all principal payments should be applied to unpaid instalments of the principal sum unpaid.

Montana Wheat Land Co. v. Danaher et al., 225 Ill. App. 364.

3. VENDOR AND PURCHASER—*enforcement of unambiguous forfeitures*. The rule that the law abhors a forfeiture, and that contracts will be construed to avoid a forfeiture, cannot be applied to avoid a forfeiture of a contract for the sale of land, when the contract is not doubtful or ambiguous.

4. SPECIFIC PERFORMANCE—*what plaintiff must show to be entitled to relief*. An assignee of a contract for the purchase of land who seeks specific performance of such contract must show compliance with the terms of the contract, or that it is able, ready and willing to comply therewith.

5. SPECIFIC PERFORMANCE—*when relief against forfeiture of contract denied*. Where parties to a contract for the purchase of land have agreed that time is of the essence of the contract, a court of equity cannot relieve a purchaser who has forfeited his rights under the contract where no fraud, accident or mistake has intervened.

6. SPECIFIC PERFORMANCE—*laches barring relief against forfeiture of contract*. An assignee of a contract for the purchase of land who delays two years in seeking enforcement of the contract, which has been declared forfeited by proper notice of forefeiture in accordance with the contract, is guilty of laches precluding relief, there being no consistent explanation of the delay.

7. SPECIFIC PERFORMANCE—*when statute of State where land situated will not relieve against forfeiture of land contract*. Where a purchaser of land from a railroad in turn sold the land to another corporation and applied payments received to the railroad in satisfaction of his obligations, and then defaulted, resulting in the forfeiture of the contract, the corporation buyer was not entitled to specific performance against the railroad, or relief, because of the existence of a statute in the State where the land was situated providing for relief from forfeiture upon making full compensation, when there was no attempt to make full compensation to the railroad.

8. VENDOR AND PURCHASER—*forfeiture of contract as entitling purchaser to return of payments*. Where a purchaser of land from a railroad falsely and fraudulently represented to a corporation that he had a contract for the purchase of such land and, in turn, effected a sale to the corporation, the payments made by such corporation being turned over to the railroad until the contract was forfeited because of default in .the payments, such fact would not entitle the corporation, in an action against the railroad for specific performance, to the return of the payments made, as the court could not enter into any question as to the rights existing on the part of the corporation against the man that sold the land to it.

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appel-

Montana Wheat Land Co. v. Danaher et al., 225 Ill. App. 364.

late Court at the October term, 1921.  Affirmed.  Opinion filed May
23, 1922.  Rehearing denied June 6, 1922.

STEBBINS, GAREY, L'AMOREAUX & HURTUBISE, for appellant.

WINSTON, STRAWN & SHAW, for appellees; SILAS H. STRAWN, WALTER H. JACOBS and RICHARD H. HOLLEN, of counsel.

MR. JUSTICE MORRILL delivered the opinion of the court.

This is an appeal from an order of the superior court of Cook county sustaining the general and special demurrer of the Northern Pacific Railway Company, one of the appellees, to the amended and supplemental bill of the appellant and dismissing the bill for want of equity as to said railway company.

By its bill of complaint, which was filed July 26, 1917, the Montana Wheat Land Company sought to be subrogated to the rights of the defendant, Thomas F. Danaher, under a certain contract between him and said railway company providing for the purchase by Danaher from the railway company of about 80,000 acres of land in Montana. It prayed for the specific performance of said agreement by the conveyance of certain of said lands, or, in default thereof, that complainant have judgment for the value thereof; that a certain alleged forfeiture of said contract by the railway company be set aside and declared null and void, or in the alternative, if the court should hold the contract had been forfeited, that complainant recover from the railway company $70,000 which had been paid by it under the contract, and for general relief. The demurrer of the railway company to the bill was sustained and the bill dismissed as to the railway company July 8, 1918. Subsequently, the case was referred to a master in chancery on the issues

joined between complainant and the defendant Danaher. The master found the issues in favor of complainant and against Danaher and so reported, with the recommendation that a decree be entered accordingly.

A final decree was entered July 15, 1921, in conformity with the master's recommendation, wherein it was ordered that complainant be subrogated to all the rights of Danaher under his contract with the railway company, dated July 1, 1913, and declared the Montana Wheat Land Company to be vested with all of Danaher's rights under said contract to the same extent as would have been the case if the Montana Wheat Land Company had been named therein as the purchaser of the lands instead of Danaher. As a part of that decree, the present appeal was allowed from the order of July 8, 1918, sustaining the demurrer of the Northern Pacific Railway Company, and dismissing the bill as to that defendant. Both parties having acquiesced in the conclusions reached by the chancellor as to complainant's right of subrogation, it follows that this appeal involves a determination of the rights and duties of the parties under a certain contract for the sale of the lands in question by the railway company to Danaher and does not involve the rights of appellant against Danaher.

The pleadings and evidence show that on July 1, 1913, appellant entered into a contract with Danaher, which provided for the purchase by appellant from Danaher of about 80,000 acres of land in Montana for the sum of $1,105,566.41. This contract was executed and delivered August 13, 1913. Danaher did not own the land at that time or subsequently, but, as appellant alleges, he represented to appellant that he had a written contract with the railway company for the purchase of the land, although, as a matter of fact, he was then only negotiating for its purchase. Appellant claims that in reliance upon these repre-

sentations it entered into the contract with Danaher and made the payments hereinafter mentioned. It will not be necessary to set forth the further provisions of this agreement, as they are substantially the same, except as to details not herein involved, as those embodied in the agreement between the railway company and Danaher, also dated July 1, 1913.

Although the agreement between Danaher and the railway company bears date July 1, 1913, the exact date of its execution and delivery is not shown. It is stated that this was done shortly after March 14, 1914. By its terms the railway company agreed to sell, and Danaher agreed to purchase, 80,407.83 acres of land located in three different counties in Montana for the sum of $964,833.96, excepting and reserving to the vendor certain mineral rights therein. The purchaser agreed to pay for the land the sum of $70,000 upon the execution of the agreement; the sum of $55,000 principal and $3,575 interest on August 1, 1914; the sum of $140,000 principal and $75,585.05 interest on January 1, 1915; three payments upon the principal of $140,000 each, with interest, on the first days of January in the years 1916, 1917 and 1918; and the sum of $279,833.96 principal, with interest, on January 1, 1919. It was provided that in case default be made in the payment of principal or interest or in the performance of any covenant therein contained, and such default should continue for 30 days after written notice thereof to the purchaser, then the agreement, at the option of the vendor, should be null and void and all payments made and all buildings and improvements on said land should be and forever remain the absolute property of the vendor, it being expressly understood and agreed that time was of the essence of the contract. The contract also contained the following provision, upon which the present claim of the appellant for relief is based, to wit:

"In advance of final payment, deeds of one or more of the parcels described in separate lines in schedule

'A,' attached and made a part hereof, may be procured on the payment of the amount set opposite each parcel in said schedule, with interest at six per cent per annum to the date of such payment, and all principal payments made for deeds under this provision shall be applied; eighty per cent to the installment of the principal next to fall due after such payments; twenty per cent distributed equally and applied on all the remaining installments of principal then unpaid, and payments of interest shall be applied to the interest account.''

The contract further provided that notice of its cancellation for any breach thereof, or notice of the exercise of any other right by the vendor, where the contract requires notice, may be addressed to the purchaser directed to the post office named below (the post office address of the purchaser being affixed to his signature) and deposited in a United States post office, which shall constitute sufficient notice and service thereof. It was also stipulated in the agreement that no assignment of any interest therein or in the premises less than the whole would be recognized by the vendor under any circumstances, and that no assignment should be binding upon the railway company unless approved by certain officers.

Complainant alleges that it did not discover until shortly before the bill was filed the fact that Danaher did not have any contract with the railway company on July 1, 1913. On August 14, 1913, complainant delivered to Danaher its check for $10,000 as a part payment for the land under the contract between them executed the preceding day. Danaher forthwith indorsed said check, making it payable to the railway company and delivered it as part payment under his contract with the railway company dated July 1, 1913. This check was cashed by the railway company, which at that time knew that appellant had entered into its contract with Danaher for the purchase of the land. Thereafter, on September 13, 1913, appellant gave to

370 APPELLATE COURTS OF ILLINOIS.

Montana Wheat Land Co. v. Danaher et al., 225 Ill. App. 364.

Danaher another check payable to the order of the railway company for $10,000. Additional payments were made in October, 1913, and in January and on March 14, 1914, until the aggregate sum of $70,000 had been paid. All of these checks except the first were payable to the order of the Northern Pacific Railway Company. It is alleged that after the payment of March 14, 1914, the railway company executed and delivered to Danaher the agreement of July 1, 1913. It is admitted that Danaher never paid any sum of money whatever out of his own funds to the railway company under his contract for the purchase of the land, and that all money ever paid by way of part consideration for the purchase of the land by Danaher to the railway company was the sum of $70,000 paid as above set forth. It is undisputed that no further payments were made to the railway company on account of the purchase of the land. On or about July 10, 1915, the railway company executed and delivered to Danaher a notice of the cancellation of his contract with it which recited the execution of the agreement of July 1, 1913, with a general statement of its provisions, and notified Danaher of his default in making payments in conformity with the contract. At that time Danaher was in default as to the payments agreed to be made August 1, 1914, and January 1, 1915, making a total amount of $195,000 of principal and a large amount of interest. The notice further stated that the railway company had elected to declare a forfeiture of said contract and to declare the same wholly null and void and to cancel and terminate the same, and that such contract would terminate 30 days after the service of the notice, unless prior to that time Danaher complied with the conditions of the agreement and paid the costs of service. The notice further stated that the amount required to reinstate the contract was $275,536.06 and interest on $195,000 from January 1, 1915, with the costs of

service. It is contended by appellant that this notice was not sufficient to effect a forfeiture for the reason that it failed to state definitely the costs of service and did not correctly state the amount of the default. The costs of service were insignificant and could not in any event have exceeded fifty cents, as the notice was served by registered mail. The amount necessary to reinstate the contract was stated with substantial accuracy. The contract did not require that a notice of forfeiture should state the terms on which it would be reinstated. Consequently, a slight mistake in computing interest, if any such was made, resulting in a correspondingly small error in stating the amount required for reinstatement, cannot be regarded as sufficient reason for holding the notice of forfeiture invalid. The notice was in strict compliance with the terms of the agreement and was effectual for the purposes intended.

On March 20, 1916, Danaher sent a communication to the railway company referring to his contract of July 1, 1913, hereinbefore mentioned, and demanding deeds to sundry parcels of land described in separate lines in Schedule "A," which was attached to and made a part of the contract. The prices to be paid for these parcels of real estate mentioned aggregate nearly $70,000. Danaher stated in his letter that he elected to regard the $70,000 paid to the railway company as payment for said lands. Appellant contends that it is entitled to a conveyance of these parcels of land under the provision of the contract above quoted. A fair construction of this paragraph of the contract indicates the intention of the contracting parties that the payments on the purchase price mentioned in that paragraph as consideration for conveyances of the several parcels of land set forth in Schedule "A" were to be additional payments made expressly for that purpose. This seems clear from the provision that "all principal payments made for

372　　　Appellate Courts of Illinois.

Montana Wheat Land Co. v. Danaher et al., 225 Ill. App. 364.

deeds under this provision shall be applied; eighty per cent to the instalment of the principal next to fall due after such payment; twenty per cent distributed equally and applied on all the remaining instalments of principal then unpaid.'' It could not have been the intention of the parties that the first payment of $70,000 should be applied in any such manner. If so applied, it is obvious that the purchaser would be in default at once, by reason of his failure to make the first payment of $70,000. There is no reasonable foundation for the contention of appellant that the said sum of $70,000 should be applied otherwise than as the first payment stipulated to be made under the terms of the contract. It is probable that any payment made for obtaining a conveyance "in advance of final payment" would have corresponded in amount with those mentioned in Schedule "A." The payment of $70,000 is considerably in excess of the sum required for a conveyance of the lands demanded by appellant.

Appellant bases his contentions upon the well-settled propositions that the law abhors a forfeiture, that contracts will be so construed as to avoid a forfeiture, if possible, and that, the contract having been drafted by the railway company, its doubtful and ambiguous provisions should be construed most strongly against the railway company. Appellant does not cite any authorities showing the application of these principles to the case at bar. The paragaph of the contract on which appellant relies was not doubtful or ambiguous. Its provisions are clear and explicit.

Appellant is seeking a specific performance of the contract of July 1, 1913, and it is incumbent upon it to show a compliance on its part with the terms of the contract or that it was able, ready and willing to comply therewith. *Skeen v. Patterson*, 180 Ill. 289; *Turn Verein Eiche v. Kionka*, 255 Ill. 392. The parties

agreed that time was of the essence of the contract, and under such circumstances a court of equity cannot relieve a purchaser who has forfeited his rights under the contract, where no fraud, accident or mistake has intervened. *Parker-Washington Co. v. City of Chicago*, 267 Ill. 136; *Heckard v. Sayre*, 34 Ill. 142; *Security Investment Co. v. Meister*, 214 Mich. 337, 183 N. W. 183. The notice of cancellation of the contract served by the railway company was sufficient, and appellant was guilty of laches, which precluded it from obtaining the relief sought. *Morse v. Seibold*, 147 Ill. 318. Its delay cannot be explained consistently. *Ditto v. Harding*, 73 Ill. 117.

It is also contended by appellant that it is entitled to relief by reason of the statute of Montana which provides, in substance, that whenever a forfeiture has been incurred by reason of the failure of a party to comply with the provisions of his contract, he may be relieved therefrom upon making full compensation to the other party, except in case of a grossly negligent, wilful or fraudulent breach of duty. It is not made apparent to us how appellant can avail itself of this statute. It was clearly in default and has neither made nor attempted to make full compensation to the railway company. No reasons are urged why the railway company should return the sum of $70,000 to appellant, except that appellant relied upon the false and fraudulent representations of Danaher to the effect that he had a contract for the purchase of the land with the railway company at the time the several payments aggregating $70,000 were made by appellant pursuant to the terms of its agreement with Danaher. The fact that these payments were applied upon Danaher's proposed contract with the railway company does not constitute a reason for the payment of the amounts thereof to the complainant. We are not required to settle any rights existing between Danaher and appellant, or any rights between the

parties other than those arising under the contract of July 1, 1913, between Danaher and the railway company.

The order of the superior court is affirmed.

*Affirmed.*

GRIDLEY, P. J., and BARNES, J., concur.