## DE COCH *v.* DE BAENE.

VENDOR AND PURCHASER—FORFEITURE—SUMMARY PROCEEDINGS — EQUITY.

> A suit by the vendee in a land contract to set aside a writ of restitution, to restore his rights under the contract, and for specific performance thereof, was properly dismissed by the court below, where no equitable grounds of relief were established.

Appeal from Wayne; Carr (Leland W.), J., presiding. Submitted April 27, 1928. (Docket No. 93.) Decided June 4, 1928.

Vendor and Purchaser, 39 Cyc. p. 1899.
242—Mich.—35.

Bill by Cyriel De Coch against Adiel De Baene and another to set aside a judgment of restitution, and for specific performance of a land contract. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*George H. Smith* and *Thomas L. Thomson*, for plaintiff.

*Frederick McGraw* (*John W. Babcock*, of counsel), for defendants.

NORTH, J. The defendants entered into a contract with the plaintiff to sell him a lot in the city of Detroit on which a four-room house is located. The total purchase price was $2,500, of which $1,500 was paid at the execution of the contract. The balance was to be paid in monthly installments of $30 each. The first monthly installment due November 1, 1924, was paid; but thereafter the plaintiff refused to make any further payments. His explanation for declining to make these payments was that the vendors' orally agreed with him, at the time of entering into this contract, that by reason of this purchase he should have the household furniture then in the dwelling. This was denied by the defendants, and upon vacating the premises they took the household goods which were substantially of the value of $100.

In June, 1925, notice of forfeiture was served on the plaintiff. Thereafter summary proceedings were instituted before a circuit court commissioner and judgment was rendered against the plaintiff herein on the 13th of August, 1925. The commissioner found there was past due and unpaid on the contract $240. The plaintiff herein did not appear before the circuit court commissioner. A writ of restitution was issued, and on the 24th of September, 1925, the defendants herein were restored to possession of the property. Thereafter the plaintiff herein filed his bill

of complaint in which he seeks to have restored to him his rights under the contract.    He offers to pay the balance of the purchase price and asks that the defendants be compelled to convey the property to him.

Plaintiff's right to relief was originally based solely upon his claim that he was not served with the summons issued by the circuit court commissioner, but there was no merit in this contention.    Later an amended bill was filed wherein he sought to charge the defendants with fraud and deceit in that they had neglected and refused to inform him of the meaning of the notice of forfeiture or of the consequences of the proceeding before the circuit court commissioner. The parties to this litigation are Belgians, and none of them speak the English language fluently, although the record shows that to some extent they are conversant with the same.    A careful review· of the record discloses a total failure to establish any facts or circumstances from which a confidential relation between these parties might be inferred or such as would in any way obligate the defendants to deal with the plaintiff other than an entire stranger.    There is no testimony tending to show that the defendants or either of them at any time attempted to mislead or deceive the plaintiff as to his rights incident to this property or that they in any way lulled him into a feeling of security which resulted in the loss of his property.    Only one conclusion can be drawn from the record, which is, that because of his claim that he was entitled to the household goods which the defendants refused to deliver to him, the plaintiff arbitrarily and persistently refused to make the payments accruing under his contract of purchase, and, further, that he entirely ignored the notice served upon him and the subsequent process from the commissioner's court.    In the circuit court every courtesy and opportunity was extended to the plaintiff to enable him

to establish some ground of relief if possible. The trial judge was unable to find any ground upon which he would be justified in relieving the plaintiff from the unfortunate circumstances with which he finds himself surrounded, and a decree was entered denying the relief sought. The record discloses no justification for questioning the circuit court commissioner's proceedings, nor has the plaintiff established any right to equitable relief. The case is controlled by *Security Investment Co.* v. *Meister,* 214 Mich. 337.

The decree entered in the circuit court is affirmed, with costs of this court.

Fead, C. J., and Fellows, Wiest, Clark, McDonald, Potter, and Sharpe, JJ., concurred.