KAPELOVITCH *v.* WHITE.

1. VENDOR AND PURCHASER — ASSIGNMENTS — PAYMENT OF TAXES NOT DECISIVE OF OWNERSHIP.

> That land sold on a contract was listed on the assessment roll in the name of one other than the vendee, and that he paid part of the taxes thereon, *held*, not decisive of the question as to whether or not the vendee was still the real owner.[1]

---

[1]Evidence, 23 C. J. § 1804 (1926 Anno); Vendor and Purchaser, 39 Cyc. p. 1387.

2. SAME—ONE CLAIMING TO BE ASSIGNEE OF VENDEE HAS BURDEN
OF PROOF AND OF NOTICE TO VENDOR.

One who claims that he was the assignee of the vendee in
a land contract at the time it was forfeited, and that he
was therefore entitled to notice of said forfeiture and
to his day in court in the summary proceedings brought
by the vendor, has the burden of establishing said assign-
ment and that notice thereof was given to the vendor.[2]

3. SAME—ASSIGNEE OF VENDEE ENTITLED TO NOTICE OF FORFEITURE.

The assignee of the vendee's interest in a land contract
is entitled to notice of its forfeiture and to be made a
party in the summary proceedings brought by the vendor
if notice of said assignment was given to the vendor or
her agent.[3]

4. SAME—ASSIGNMENTS—NOTICE—EVIDENCE—SUFFICIENCY.

Evidence *held*, insufficient to show that notice of an al-
leged assignment by the vendee of his interest was given
to the vendor or her agent.[4]

5. SAME—JUDGMENT—SPECIFIC PERFORMANCE—EVIDENCE.

Matters relating to notice of forfeiture which should have
been presented by the vendee in summary proceedings
by the vendor may not be presented in a suit by the
alleged assignee of the vendee to set aside a forfeiture of
the contract and for specific performance, where notice
of the assignment was not given to the vendor or her
agent.[5]

Appeal from Wayne; Dingeman (Harry J.), J.
Submitted January 14, 1925.    (Docket No. 90.)    De-
cided April 3, 1925.

Bill by Hyman Kapelovitch against Ada White and
another to set aside a forfeiture of a land contract and
for specific performance thereof.    From a decree dis-
missing the bill, plaintiff appeals.    Affirmed.

*Frederick S. Baker*, for plaintiff.

*Eugene D. Kirkby*, for defendant White.

[2]Specific Performance, 36 Cyc. p. 786 (1926 Anno); Vendor
and Purchaser, 39 Cyc. p. 1387; [3]Vendor and Purchaser, 39 Cyc.
pp. 1387, 1676, 1893, 1896 (1926 Anno); [4]Specific Performance, 36
Cyc. p. 786 (1926 Anno); [5]Vendor and Purchaser, 39 Cyc. p. 1387.

WIEST, J.   Plaintiff, claiming to hold by assignment a land contract, in which his brother-in-law Harry Widre is vendee and defendant Ada White vendor, filed the bill herein to be relieved from a forfeiture and granted specific performance.   He makes no tender in court of the amount due on the contract and shows no ability to pay, but expresses the hope that, if given time, he can sell and pay what is due.   His bill was dismissed in the circuit and, by appeal, we are asked to grant him relief.   Two questions of fact are presented.   Was there a *bona fide* assignment of the contract?   If so, was notice of the assignment given the vendor or her agent?

We are impressed that plaintiff is playing for time in behalf of Widre and has no pecuniary or real interest in the outcome of this suit, and that notice of the assignment was not given.   This decides the case but leaves the reasons for reaching the conclusions to be given.

It seems that under a previous forfeited contract for the same premises, an adjustment was reached, January 31, 1922, and this contract then executed, with a credited payment thereon of $3,000, leaving a balance of $7,200 to be paid, with interest, in 16 months. Plaintiff and Widre claim that August 14, 1922, Widre assigned to plaintiff his interest in the land contract, in consideration of $2,000 due plaintiff for services and a note then given for $1,500.   No one witnessed the claimed assignment.   At the time it is claimed the assignment was made, Widre and his wife were having domestic differences, which culminated in the filing of a bill for divorce by the wife nine days after the assignment and of *lis pendens* on the property some months later.   After the alleged assignment, and up to the time of notice of forfeiture, Widre was active in trying to sell the property.

Widre's brother Samuel commenced suit against him by attachment upon this and other property in

May, 1923, and Harry moved to dissolve the levy and in an affidavit in support of his motion, dated July 27, 1923, claimed to be the owner of the property.    In January, 1923, Widre placed this property together with other property he owned in the hands of a licensed real estate broker to sell, fixing the price on the land in suit at $13,000.    In March, 1923, Widre listed the property for sale as his own, with another real estate broker.    Negotiations were carried on by Widre with various parties looking toward a sale.    One such proposed sale went to the point of a preliminary contract which was signed by plaintiff, but was never completed.    Plaintiff had the property listed on the assessment roll in his name and paid some taxes. Listing the property on the assessment roll and payment of a part of the taxes so neatly joins with Widre's scheme to make it appear that Kapelovitch was owner that we cannot consider such acts as decisive.    We are not favorably impressed with the testimony given by Widre.

When the interest on the contract was due in January, 1923, Harry Widre and his sister, the wife of plaintiff, went to the office of Wilbur J. Vaughan, brother and agent of Ada White, and there the interest was paid and receipted as paid by Hyman Kapelovitch. Plaintiff claims that Mr. Vaughan was then informed of the assignment of the contract, Mrs. White being in California; while Mr. Vaughan claims no such information was imparted and the receipt was so signed at the request of Widre because of his domestic trouble.

The burden rested upon plaintiff to establish the assignment of the contract and notice thereof to Mrs. White or her agent.    Mrs. Kapelovitch was not a witness at the hearing.    The testimony of Mr. Vaughan is supported by that of Mr. Thomas who heard Widre make the request and state his reason for wanting the receipt for the interest to show payment by Kapelovitch.    Considering the activities of Widre

in trying to sell the place after his claimed assignment, his domestic trouble and evident desire to cover up his interest in anticipation of divorce proceedings, we are impressed that the truth about the receipt is in the testimony of Vaughan and Thomas.    The importance of this will now be made plain.    The whole contract price fell due May 31, 1923, and was not paid, and notice of forfeiture was sent by registered letter to Widre, June 15, 1923, at his place of residence, but returned, and a few days later the letter was handed to Widre by Mr. Vaughan.    Widre was still trying to sell and June 1, 1923, had procured the abstract from Mr. Vaughan.

June 25, 1923, a summary proceeding was commenced by Mrs. White before a circuit court commissioner and the next day summons therein was served upon Harry Widre.    July 6, 1923, hearing was had before the circuit court commissioner, with Widre present, and judgment of restitution rendered with a finding of $7,424.40 due on the contract.    At that hearing Widre stated he had assigned the contract but had given no written notice thereof to Mrs. White. No appeal was taken.    July 30, 1923, and within the time allowed by law to redeem, by payment of the sum found due on the contract, this bill was filed.    Plaintiff claims he was entitled to notice of forfeiture and his day in court in the summary proceeding, because of the assignment of the contract to him, and, not having had notice and opportunity to be heard, he is not bound by the action taken.    Widre informed plaintiff of the summary proceeding some time before the bill herein was filed.    If Widre assigned his interest to plaintiff and notice thereof was given to Mr. Vaughan and plaintiff treated as holder thereof, then, of course, he was entitled to notice of forfeiture and to be made a party in the summary proceeding.

The evidence fails to satisfy us that notice of the alleged assignment was given Mrs. White or her

agent. Plaintiff had an opportunity to redeem and let it pass. Widre had his day of hearing before the commissioner and what he should have presented there in his own behalf relating to notice of forfeiture cannot be presented here by plaintiff.

We have considered plaintiff's claim that he could not dispose of the property because of the *lis pendens* filed in the Widre divorce case and the attachment in the Sam Widre case, and we need only say that such matters arose after the making of the contract, were not matters Mrs. White was required to notice or remove and had no relation to the covenants in the land contract.

We think the circuit judge reached the right result in dismissing the bill and the decree in the circuit is affirmed, with costs to defendant Ada White.

McDonald, C. J., and Clark, Bird, Sharpe, Moore, Steere, and Fellows, JJ., concurred.