WILLIAM F. NANCE REALTY CO. *v.* WOOD-WARDOWSKI CO.

1. VENDOR AND PURCHASER — ASSIGNMENTS — PROVISION AS TO METHOD OF ASSIGNMENT NOT VOID AS IN RESTRAINT OF ALIENATION.

A provision in a land contract "that no assignment or conveyance by the purchaser shall create any liability whatsoever against the seller until a duplicate thereof duly witnessed and acknowledged, together with the residence address of such assignee, shall be delivered to the seller and receipt thereof indorsed hereon," is not invalid because in restraint of alienation, since it does not bar assignment, but provides the method by which it must be made to affect the rights of the vendor.

2. SAME—PARTIES—ASSIGNEE NOT ENTITLED TO RELIEF FROM FORFEITURE BECAUSE NOT MADE PARTY THERETO WHERE NOTICE OF ASSIGNMENT NOT GIVEN VENDOR.

In a suit by the assignee of a land contract to set aside a forfeiture thereof on the ground that it was not made a party to the forfeiture proceedings, the burden rested on plaintiff to establish assignment to it and notice thereof to the vendor in accordance with a provision therefor in the contract, and in the absence of such showing it was not entitled to relief on said ground.

3. SAME—FORFEITURE—ACCEPTING PAYMENTS AFTER DUE DATES—WAIVER.

Where land which had been platted was sold on contract, by the terms of which the vendor was entitled to receive payments on lots already sold and credit them on the purchase price, acceptance of such payments after default by the vendee and after commencement of forfeiture proceedings may not be construed as waiving compliance with the terms of the contract by accepting payments after due dates.

4. SAME—CONSTRUCTIVE POSSESSION—POSSESSION EXISTS WITHOUT ACTUAL PERSONAL OCCUPANCY.

Where a land contract in express terms gave the vendee

[1]Vendor and Purchaser, 39 Cyc. p. 1665; 35 L. R. A. (N. S.) 1064; 27 R. C. L. 564; [2]Id., 39 Cyc. p. 1857; [3]Id., 39 Cyc. p. 1610; [4]Id., 39 Cyc. p. 1621.

absolute and exclusive possession of the property from its date, so long as he discharged his obligations under it, he was at least in constructive or legal possession, and in the absence of adverse actual possession, in contemplation of law his possession existed although there was no actual personal occupancy.

5. JUDGMENT—RES JUDICATA—POSSESSION OF VACANT PROPERTY — JURISDICTION OF COMMISSIONER.

   A judgment in summary proceedings brought by a vendor is *res adjudicata* of the question of the vendee's possession, where not appealed from, since possession was an essential fact to be shown and found by the commissioner to sustain the judgment rendered, and therefore in a suit to set aside the forfeiture, the jurisdiction of the commissioner may not be attacked on the ground that the property in question was vacant and unoccupied.

6. APPEAL AND ERROR — WHETHER NOTICE OF FORFEITURE GIVEN MAY NOT BE RAISED FIRST ON APPEAL.

   Where, in a suit to set aside a forfeiture of a land contract, notice of forfeiture was claimed in defendant's sworn answer, which was not disputed by any motion, objection, or otherwise during the hearing, and no claim to the contrary made, plaintiff may not, on appeal, raise said question.

7. VENDOR AND PURCHASER—VENDEE NOT ENTITLED TO RELIEF FROM FORFEITURE ON EQUITABLE GROUNDS IN ABSENCE OF TENDER OR SATISFACTORY ASSURANCE OF ABILITY TO PERFORM.

   In the absence of any tender or some satisfactory assurance to the court of plaintiff's ability to at least promptly pay all then due and fully carry out the terms of the contract, the court below was justified in refusing to relieve plaintiff from the forfeiture on equitable grounds.

Appeal from Wayne; Gilbert (Parm C.), J., presiding.   Submitted June 14, 1927.   (Docket No. 85.), Decided April 3, 1928.

Bill by William F. Nance Realty Company against the Wood-Wardowski Company to set aside a foreclosure of a land contract, and for specific performance

---

[5]Judgments, 34 C. J. § 1347; [6]Appeal and Error, 3 C. J. § 584; [7]Vendor and Purchaser, 39 Cyc. p. 1603.

thereof.    From a decree dismissing the bill, plaintiff appeals.    Affirmed.

*Robert M. Dalton (Philo A. Hickey, of counsel),* for plaintiff.

*S. Homer Ferguson,* for defendant.

FELLOWS, J.    The primary purpose of plaintiff's bill is to relieve it from an alleged defective foreclosure of a land contract, supplemental to which a decree against defendant for specific performance of said contract is asked.    The contract in question, dated December 14, 1925, was given by defendant to William F. Nance.    The property involved is described as:

"Greater Detroit New City Park Subdivision of part of the E. one-half of sec. 5, T. 2 S., R. 10 E., Dearborn township, Wayne county, Michigan.    Plat liber 54 plats page 60, except the part vacated.    Greater Detroit Fordson Highway Subdivision of part of the E. one-half of sec. 5, T. 2 S., R. 10 E., Dearborn township, Wayne county, Michigan, plat liber 57 plats, page 89.    Both subdivisions containing 60.347 acres, according to the survey thereof, more or less."

The agreed purchase price for the property is $126,494, with a payment of $5,000 down, the balance payable in monthly installments of $5,000 each, beginning January 14, 1926, not less than that sum each month thereafter, with interest on deferred payments at the rate of 6 per cent. per annum while the purchaser is not in default, and 7 per cent. per annum if in default, with a provision that the entire purchase price with interest shall be fully paid within 11 months.    The initial payment of $5,000 down was made by Nance, after which no further payments were made or tendered by him or any one else.

To exploit these subdivisions Nance organized plaintiff corporation under the name "William F. Nance Realty Company," with an authorized capital of

$50,000. Its articles of incorporation were received by the secretary of State on November 21, 1925, entered and filed by him January 15, 1926, and on that date copy of same was filed with the county clerk of Wayne county. Three incorporators and stockholders are shown, consisting of himself and two associates named Marshall and Tyson, with Nance as president, Marshall vice-president, and Tyson secretary · and treasurer. They state in their articles of association:

"The amount subscribed is one thousand ($1,000) dollars and no shares of no par value.

"The amount paid in is one· thousand ($1,000) dollars. * * *

"The amount of actual capital, in cash or property or both, which this corporation owned and possessed at·the time of executing these articles is one thousand ($1,000) dollars."

On January 16, 1926, Nance gave a quitclaim deed of the property covered by· his land contract to the corporation of which he was president, for a stated consideration of "one ($1.00) dollar and other valuable consideration to him in hand paid by the said parties of the second part." This deed was recorded in the office of the register of deeds for Wayne county on February 16, 1926.

Whatever his plan was for financing this project and paying up the $121,494 yet due on the contract within 11 months from its date is not made clear, but it did not materialize. After default in payments defendant herein instituted two successive statutory summary proceedings against Nance to terminate the contract before circuit court commissioners of Wayne county, in each of which hearings were had, adjudications of amounts then due on the contract made, judgments for restitution rendered, and writs issued. The commissioners' records show the first was commenced February 25, 1926, adjournment was had on the return

day and case heard April 21, 1926.    Both parties were present, defendant pleaded not guilty, amount due was determined, judgment of restitution rendered, and writ therefor issued on May 22, 1926.    The second case was commenced April 9, 1926, adjourned for trial on the return day, and heard on April 30, 1926; both parties were present, defendant entered his appearance and pleaded guilty, amount then due was determined, judgment of restitution rendered, and writ therefor issued on June 12, 1926.

The instant case was heard before the Wayne county circuit court, in chancery, on November 1, 1926, resulting in a decree dismissing plaintiff's bill.    Plaintiff's grounds for reversal on appeal are stated in its counsel's brief as follows:

"The bill was filed for the purpose of setting aside a defective foreclosure of land contract for the following reasons:    (1) That the proper parties were not made party defendants.    (2) That after the commencement of the proceedings for possession in the circuit court commissioner's courts before Samuel L. May and Henry G. Nicol, moneys due the vendee were collected by the vendor to apply in payment of the vendee's obligation by virtue of this contract. (3) That the property in question was vacant and unoccupied, and therefore not within the jurisdiction of the circuit court commissioner."

The contract involved is in its entirety a pretentious instrument, covering some 10 pages of the printed record, with numerous provisions immaterial to the issues raised here.    It is said to be of the "Union Trust revised form."    Apparently a printed blank form of that kind was adopted and used until exhausted, when the subject was continued by a rider of about equal length attached to and concededly made a part of the contract by proper wording.    It is also signed by the parties, with the same witnesses and date as the Union Trust part.    As a whole, it follows

the familiar phraseology and customary provisions of an ordinary land contract with provisions interspersed or added as the parties desired and agreed.   Amongst other things it expressly specifies that—

"If purchaser shall fail to perform this contract or any part thereof the seller immediately after such default shall have the right to declare the same void and retain whatever may have been paid hereon and all improvements that may have been made upon the premises and consider and treat the purchaser as his tenant holding over without permission, and may take immediate possession of the premises and the purchaser and each and every other occupant remove and put out."

Adverting to plaintiff's three reasons why the alleged defective foreclosures of the contract should be set aside, the first is based on the fact that plaintiff was not made a party to the statutory proceedings before the commissioners, though an interested party by virtue of its quitclaim deed from Nance.   In answer to that contention defendant refers to the express provision in its contract with Nance—

"That no assignment or conveyance by the purchaser shall create any liability whatsoever against the seller until a duplicate thereof duly witnessed and acknowledged, together with the residence address of such assignee, shall be delivered to the seller and receipt thereof indorsed hereon."

That provision was not complied with.   When Nance gave plaintiff the quitclaim deed in violation of his contract it was then in default.   Plaintiff could not be an innocent party in that transaction.   Conceding that between themselves the deed was given by Nance to the corporation of which he was president as an assignment of the contract and plaintiff accepted it as such, it was accepted subject to all its provisions. Plaintiff necessarily knew that by its express terms Nance could not thus surreptitiously assign it in viola-

tion of their agreement and defendant's rights and compel it to recognize a third party in the transaction. This is not an invalid provision because in restraint of alienation, as plaintiff contends. It does not bar assignment of the contract, but is a plain agreement between the contracting parties as to the method in which any assignment must be made to affect the rights of the vendor. It entitled him to actual notice by a duplicate thereof, witnessed and acknowledged, with the address of the assignee, delivered to him and receipted. The burden rested upon plaintiff to establish assignment of the contract to it and notice thereof to defendant in accordance with the covenant it contained. So far as applicable here, *Kapelovitch* v. *White*, 230 Mich. 427, cited by plaintiff, is confirmatory of that view.

Plaintiff's second reason for reversal is that after the summary proceedings were commenced defendant collected moneys due the vendee to apply in payment on the contract, and thereby recognized the same as yet in force. The land involved had been platted before this contract was entered into and certain lots sold under contract with payments falling due from time to time. To take care of that matter this contract provided:

"It is agreed between the parties hereto that the party of the first part shall collect all payments due or to become due on the said land contracts for lots sold heretofore until the first party has received its full consideration; provided, however, that upon the payment of the full consideration the said party of the second part shall receive credit for all payments made subsequent to the date hereof less interest due to the date hereof which interest shall belong to the party of the first part.

"It is further agreed between the parties hereto that should the said party of the second part, pay the monthly payments as hereinbefore mentioned, that the first party will tentatively and for the time being shall

apply upon its interest on the said money due and to be due, the amount collected on the land contracts sold as herein mentioned; provided, however, should the party of the second part at any time fail and neglect to make the said payments, then the said interest shall become due and payable and the party of the first part shall be entitled to the amount collected on the said land contracts."

In compliance with that provision of the contract defendant collected payments as they fell due and were collectible on land contracts for lots theretofore sold, keeping an account of dates and amounts, but the total amount collected did not approximate the first default on this contract, of January 14, 1925, before the quitclaim deed on which plaintiff relies was given, irrespective of taxes of 1925, and interest, which the purchaser agreed to but did not pay.    Such being the case, by the plain terms of the contract defendant (party of the first part) was "entitled to the amount collected on the said land contracts," which in no sense of this contract could be construed as waiving compliance with its terms by accepting payments from the purchaser after due dates.

In support of its third proposition, that the circuit court commissioners had no jurisdiction because the property was unoccupied and vacant, counsel cite *Rubenstine* v. *Powers,* 215 Mich. 434, and quote the following excerpt:

"We do not think that Act No. 243 of the Public Acts of 1917, amending section 13253, 3 Comp. Laws 1915, relating to writs of restitution, has any application to this case.    The question of possession of the premises is not here involved, nor did the cross-bill tender any such issue.    It does not appear that any of the parties was actually living upon the land, or in actual occupancy thereof."

That closing paragraph of the exhaustive opinion reviewing the many questions raised was not essential to the disposition of that case.    The opinion

not only shows but squarely states that the pertinent and controlling question involved was whether a certain deed of the property was in fact given as security and in effect a mortgage, or the instrument was what upon its face it appeared to be. An examination of the original record of that case discloses it a lengthy one with various complications. One of the points raised and urged in plaintiffs' brief was that the only method by which defendant and cross-plaintiff Powers who held a land contract could be dispossessed was by summary proceedings under the statute. Touching upon this contention before concluding, the court disposed of it with the statement that possession of the premises was not involved, and no such issue was tendered by the cross-bill, apparently because none of the parties were living upon the land or in actual occupation of it. This cannot be construed as an authoritative holding against the right to base summary proceedings on constructive possession.

In the instant case the purchaser's land contract gave him in express terms absolute and exclusive possession of the property from its date, so long as he discharged his obligations under it. With that accepted muniment of title he was at least in constructive or legal possession. Such constructive possession with right of actual follows the title in the absence of adverse actual possession, and exists in contemplation of law without actual personal occupancy.

A further reason in this case is that at the summary proceedings, in both of which Nance is recorded as appearing and pleading, possession was an essential fact to be shown, and found by the commissioners to sustain the judgments rendered, which were not appealed from and are *res adjudicata* as to him.

This is likewise true as to notice of forfeiture, which plaintiff's counsel contend was not shown at the hear-

ing of this case.    It was distinctly so stated in defendant's sworn answer, which was not disputed by any motion, objection, or otherwise, during the hearing, nor was the claim now made even called to the attention of the trial court so far as shown.    In fact forfeiture was admitted at one time, though now claimed unintentionally.

Under the general rule that specific performance is discretionary in equity courts, it is urged for plaintiff that it be granted under such equitable conditions as will relieve the vendee from the harsh imposition of a strict forfeiture.    No actual tender is alleged or shown prior to filing this bill, nor into the court since, nor is ability to carry out the terms of the contract shown. Early in the hearing counsel for defendant stated during a discussion in open court that if plaintiff would pay the money into court they would terminate the suit right there, to which no direct reply was made. In the absence of any tender or some satisfactory assurance to the court of ability to at least promptly pay all then due and fully carry out the terms of the contract, the court was justified in the decree rendered. It will stand affirmed, with costs to defendant.

WIEST, CLARK, MCDONALD, and SHARPE, JJ., concurred.

Justice STEERE and the late Justices SNOW and BIRD took no part in this decision.