STOVER *v.* BRYANT & DETWILER IMPROVEMENT
CORPORATION OF DETROIT.

1. MORTGAGES—QUITCLAIM DEED—RECORDING.
   Quitclaim deed was a mere mortgage of the land, where given by
   land contract purchasers to secure payment of money loaned
   them by plaintiff who treated it as a mortgage by having it
   recorded as such.

2. SAME—RECORDING.
   A mortgage of lands is a conveyance within the meaning of the
   recording laws (CL 1948, § 565.35).

3. VENDOR AND PURCHASER—DUPLICATE OF PURCHASER'S ASSIGN-
   MENT FILED WITH SELLER.
   Provision of land contract that no assignment or conveyance by
   the purchaser should create any liability whatsoever against
   the seller until a duplicate is delivered to seller and receipt
   thereof indorsed on the contract rendered purchaser's quit-
   claim deed to secure repayment of money loaned to him to make
   payments under the contract void as to seller's assignee, where
   duplicate had not been delivered to seller nor receipt thereof
   indorsed on the contract, such quitclaim deed, although a mort-
   gage, being a conveyance within the meaning of such provi-
   sion.

Appeal from Wayne; O'Hara (Chester P.), J.
Submitted October 10, 1950. (Docket No. 38, Calen-
dar No. 44,905.) Decided January 8, 1951.

REFERENCES FOR POINTS IN HEADNOTES
[1] 36 Am Jur, Mortgages, § 126.
[2] 45 Am Jur, Records and Recording Laws, §§ 40, 42.
[3] 55 Am Jur, Vendor and Purchaser, §§ 432, 433.
[3] Validity and effect, as between assignor and assignee or claim-
ants under them, of assignment by purchaser under land con-
tract, or by tenant under lease, as affected by provision of
contract or lease restricting or prohibiting assignment. 148
ALR 1361.

Bill by Raymond T. Stover against Bryant & Detwiler Improvement Corporation of Detroit to enforce an equitable mortgage. Decree for defendant. Plaintiff appeals. Affirmed.

*Kuck & Kuck, J. Lawrence Primrose* and *Walter M. Nelson,* for plaintiff.

*Russell A. Knister (Clark, Klein, Brucker & Waples,* of counsel), for defendant.

DETHMERS, J.   Plaintiff's father was named vendee in a land contract which contained the following provision:

"That no assignment or conveyance by the purchaser shall create any liability whatsoever against the seller until a duplicate thereof duly witnessed and acknowledged, together with the residence address of such assignee, shall be delivered to the seller and receipt thereof indorsed hereon."

The father went into possession of the premises and subsequently defaulted in payments due under the contract.   Defendant acquired the vendor's interest after which the vendee was again in default. Plaintiff thereupon loaned his father money to assist him in carrying out the terms of the contract and received from him, as security therefor, a quitclaim deed covering the premises described in the contract.   Plaintiff caused the deed to be recorded as a mortgage in the office of the register of deeds. No duplicate of this deed was ever delivered to the defendant, as seller, nor was receipt thereof indorsed on the contract.   Some years later, after having long continued in default on the contract, plaintiff's father, as vendee, joined with his wife in quitclaiming the premises to defendant and entered into a written agreement with defendant by the

terms of which all of vendee's obligations and rights under said contract and to said premises were released. Ten years thereafter plaintiff filed his bill of complaint herein praying that the deed given to him as security by his father be decreed to be a lien on the premises in the nature of an equitable mortgage and that it be enforced accordingly. Defendant filed an answer and cross bill praying that plaintiff's purported mortgage be decreed to be null and void because no duplicate thereof had ever been delivered to it in accord with the quoted provision of the contract and that title to the premises be quieted in defendant as against plaintiff. From decree dismissing plaintiff's bill of complaint and granting defendant the relief for which it prayed, plaintiff appeals.

The controlling question is whether the quitclaim deed from his father to plaintiff was an "assignment or conveyance by the purchaser" within the meaning of the quoted provision of the land contract or was of a character contemplated thereby.

In his brief plaintiff refers to the quitclaim deed as a mortgage. He treated it as a mortgage by having it recorded as such. Within the meaning of *Meigs* v. *McFarlan,* 72 Mich 194, 197, the deed was, in the language of this Court in that case, "a mere mortgage of the land."

In *Reynolds* v. *McMullen,* 55 Mich 568, 576 (54 Am Rep 386), this Court said:

"Now a mortgage of lands is in this State a conveyance within the meaning of the recording laws, and goes upon record as such. How Stat § 5689." (CL 1948, § 565.35 [Stat Ann § 26.552].)

To the same effect, see *Burns* v. *Berry,* 42 Mich 176, and *Gordon* v. *Constantine Hydraulic Co.,* 117 Mich 620.

The transaction between plaintiff and his father was of a character contemplated by the quoted provision of the land contract. That provision was designed to give the vendor actual notice of any transaction whatsoever whereby any person might acquire from the vendee any right relating to or in connection with the vendee's interest in and to the contract and premises therein described. This was not for the purpose of satisfying the vendor's idle curiosity, but rather to enable it to act advisedly at all times and to take such steps as might be necessary from time to time to protect its own interests. The very situation in the instant case demonstrates the necessity for and wisdom of such provision in the vendor's behalf. The clear intent and purpose of the parties as expressed by the language of the contract would be completely subverted by a construction which would permit a divesting of any or all of the vendee's interest or the creation by him in another of any kind of interest in the contract or premises to be considered as not within the meaning and contemplation of the quoted provision of the contract.

In *William F. Nance Realty Co. v. Wood-Wardowski Co.*, 242 Mich 110, the identical provision in a land contract was held to be valid. In accord with our decision in that case, plaintiff's quitclaim deed or mortgage in the instant case must be held to be void and without effect as against the defendant and its rights and interests in the premises.

Decree affirmed, with costs to defendant.

REID, C. J., and BOYLES, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.